OPINION OF THE COURT — by the
Hon. HARRY CAGE.
This was an. action of assumpsit, in which the plaintiff declared specially that one Robert McCombs was indebted to the plaintiff in the sum of $832; to secure the payment of which McCombs had executed to plaintiff a mortgage of three certain tracts of land, which lands were afterwards sold by McCombs to defendant’s testator; and that in consideration of McCombs having paid said testator the said mortgage of $832, then owing-to the plaintiffs, defendant’s testator, promised McCombs by his undertaking in writing to take up said mortgage, &c. which the plaintiff averred by inuendo, was a promise to pay him the said sum of $832, for which the mortgage was given. The declaration also contained the common counts for money had and received, paid, laid out and expended.
The plaintiff in the court below, Offered in evidence the mortgage executed by McCombs to plaintiff, and also the following written assumpsit by the defendant’s testator, to wit: — “ I hereby obligate and bind myself to take up a mortgage Edward Vigriiau has,- on three certain tracts of land, which Robert McCombs mortgaged to said Vigniau to_ secure him *313 in the payment of eight hundred and thirty two dollars, or thereabouts, which said sum becomes due on the 1st day of January next, and which sum I acknowledge to have been paid to me by said Robert McCombs, for that purchase near Woodville, 2nd February,1819. Signed, William H. Ruffin.” On this testimony, the jury rendered a verdict for the plaintiff, for the amount specified in the written assumpsit, with interest thereon. The admission of this testimony was made the ground of exception to the opinion ofthe court below, and which being brought to this court, on appeal, constitutes the errors complained of.
This court perceives but one question presented by the case before them, which is, whether the written promise made by Ruffin to Vigniau, to take up said mortgage, was, in effect, a promise to pay-the amount of said mortgage, to Vigniau, the mortgagee.
The mortgage introduced was certainly sufficient proof of the specific amount owing by McCombs to Vegniau,'if any other evidence was necessary than that contained in the recital of the written assumpsit of Ruffin to McComb, and rendered the verity of Vegniau’s claim on McComb’s indisputable. Vegniau’s demand being thus established, it is difficult to discover any other sensible interpretation ofRuffin’s promise to McCombs, other than that given it by the jury, namely, to take up the mortgage was a promise to pay the mortgage demand. But it is urged by the defendant’s counsel that this promise was made to McCombs, and not Vigniau ; therefore McCombs alone could render it available against the promisor.
This objection, though plausible in form, is not good in substance, and has not been deemed sustainable by just and salutary principles of law.
It is true, that Ruffin’s assumpsit cannot be literally intended as a promise to Vegniau, but neither is it literally or intentionally a promise to pay McComb any thing 'whatever. The reasonable construction of the writing is obviously this: It recognizes by recital, McComb’s debt to Vegniau, which had been secured by mortgage; the promisor acknowledges he had received of McCombs the sum necessary to take up the mortgage, and in consideration therefor, promised McCombs, that he would, in his behalf, pay over the amount due the mortgagee. The well settled rulebf law must then apply to this case. A promise upon a sufficient consideration, made to one, to pay the debt he may be owing to another, is a suffi - ’ *314 cient assumpsit to the third person, on which to recover against the prom-isor,' 17Mas. Rep. 400. 1 Johnson’s Rep. 140,1 Chitty’s Pleading 5, and other authorities; nor is this principle better established in law, than it is upon the strictest principles of justice. The case Lefore us shews in express terms that the defendant’s testator had received money to which no one else could be entitled but the plaintiff: the testimony was therefore properly admitted, and the judgment of the court below, must be affirmed.