Meredith Isaiah Canada *v.* Yazoo & Mississippi Valley
Railroad Company.

[57 South. 913.]

1. Contracts for Benefit of Third Parties. *Pleading.* *Matters of Implication.*

   Where a contract is made with a carrier by a wife for her husband's benefit the husband has a right to bring suit for its breach in his own name.

2. Same.

   Where in such case, the declaration alleges that the contract sued on was made with an agent of the defendant carrier, this carries with it the inference that in making it the agent acted within the scope of his authority.

Appeal from the circuit court of Warren county.
Hon. H. C. Mounger, Judge.

Suit by Meredith Isaiah Canada against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals.

The appellant, who was plaintiff in the court below, filed his declaration, alleging in substance that the defendant had agreed with plaintiff's wife at Rosedale, upon the payment of the fare from Vicksburg to Rosedale, to transport plaintiff, who was then sick in the hospital at Vicksburg, from Vicksburg to his home in Rosedale; that plaintiff's wife had paid the money for his transportation to the defendant's agent at Rosedale, and had an agreement with the agent that plaintiff, whose address was given, would be notified as soon as possible that the ticket was waiting for him at the office at Vicksburg, and to furnish him with said ticket in accordance with the contract; that because of plaintiff's physical condition it was important that he be promptly notified, but that the defendant did not notify plaintiff until three

days after the ticket was bought by plaintiff's wife for him, and then only after plaintiff had telegraphed his wife to find out the cause of tht delay in procuring his transportation. Plaintiff brought an action for breach of the contract, claiming punitive damages in the sum of five thousand dollars.

To this declaration the railroad company filed the following demurrer, which was sustained by the court: "(1) The said count does not set forth facts sufficient in law to constitute a cause of action against this defendant. (2) The said count in said declaration does not show that the alleged sale of a ticket from Vicksburg to Rosedale, under the alleged circumstances set forth in said second count, was made for any consideration other than the payment of the regular lawful rate for the transportation of a passenger from Vicksburg to Rosedale. (3) Because said count does not show that the agent therein referred to had authority to make the contract alleged in said count of said declaration to have been made. (4) Because the contract and agreement alleged in said count in said declaration, if there was one, was with the wife of the plaintiff, and not with the plaintiff; and, if there is any cause of action thereunder, it is in favor of the wife of the plaintiff, and not in favor of the plaintiff. (5) Because said second count in said declaration does not show any right of action in the plaintiff."

*Albert M. Bonelli,* for appellant.

The entire undertaking on the part of the railroad company in the instant case was to deliver the ticket as soon as possible to the plaintiff in the city of Vicksburg and to transport that plaintiff from Vicksburg to Rosedale. This contract was made by the ticket agent.

A part of this undertaking, viz.: telegraphing the notice and delivery of a ticket in Vicksburg was special in its nature. The demurrer of the defendant in the second, fourth and fifth causes assigned attacks the validity

of this part of the undertaking. The defendant contends that this special undertaking is not binding upon the company as there was no extra consideration for it, and in general attacks the validity of the special undertaking.

The supreme court of the state of Mississippi has been confronted with the question as to the validity of a special undertaking made by the ticket agent in the sale of a ticket. *Illinois Central Railroad Co.* v. *Reid*, 46 So. 146, 93 Miss. 458.

In this Reid case the facts are as follows:

The agent of the railroad company promised a purchaser of a ticket that a certain train would stop at 'a certain station on the return trip of the promisee and let him debark. The consideration paid to the ticket agent was the price of an excursion ticket upon which the plaintiff took his trip. The defendant company, on the return trip of the plaintiff 'Reid acting through the conductor, refused to stop the train at the place as the ticket agent had promised. The train in question did not stop at the promised place in the usual course of its running.

The plaintiff Reid brought an action against the railroad company for this breach of the special undertaking.

The court held that the special arrangement made by the duly authorized ticket agent at the time of the making of the special contract to be binding upon the company and allowed the plaintiff to recover damages for the failure of the defendant to keep the special promise.

The court in this Reid case, treated the whole arrangement as a part of the ticket contract, and held that it was compulsory upon the conductor of the train on the return trip of the plaintiff to listen to any statement setting forth any arrangement made by the duly authorized ticket agent.

The close similarity between the Reid case and the case at bar is that in neither case did the defendant have to do in the course of its duty to the public what the ticket agent promised that the company would do. The company did not have to stop its train at the station as promised by the ticket agent in the Reid case. The company in the case at bar did not have to undertake the delivery of a ticket in the city of Vicksburg. These two duties are not imposed upon the railroad companies by the common law. In the Reid case there was no extra consideration paid by the plaintiff for the special undertaking. In both cases the special undertakings were made by the ticket agents.

The Reid case follows the *Harper case,* 83 Miss. 560, 35 So. 764; *Riley Case,* 68 Miss. 765, 9 So. 443, 13 L. R. A. 38, 24 Am. St. Rep. 309, and the *Drummond case,* 73 Miss. 819, 20 So. 7. These cases allowed evidence as competent to show that a special arrangement had been made in the sale of a ticket in the actions that were brought for the breach of the special undertakings. The special arrangements are thus made binding by the law, as otherwise such evidence would have been held incompetent.

It is not necessary that the ticket agent should have been expressly authorized to make this special undertaking, so as to hold the company to it. A corporation is bound by duly implied authority. *Metzger* v. *Southern Bank,* 54 So. (Miss.) 241-244. In this recent case the supreme court speaking through Justice Whitfield said in regard to implied authority that: ''The corporation is as much bound as a natural person by duly implied authority of its agents as well as by authority expressly given.'' In *Rivers* v. *Yazoo & Miss. Valley R. R. Co.,* 43 So. 471, 90 Miss. 196, 9 L. R. A. (N. S.) 931, a corporation was held liable for slander.

''The test is,'' said the court, ''whether the slanderous words were spoken by the agent of the company

while acting within the scope of his employment and in the actual performance of the duties of his principal touching the matter in question.''

The undertaking in the instant case was in regard to a ticket, and was made by one whose duty it was to sell tickets. The appellant submits that this was in the words of the *Reid case, supra,* ''A special undertaking made by the duly authorized ticket agent.'' As such the company was bound to its terms.

The plaintiff is the proper party to sue the railroad company. The contract was made for his benefit.

The demurrer of the defendant attacks the declaration on the ground that the declaration ''purports to hold this defendant liable to the plaintiff under a contract which if made, is shown by the declaration not to have been made with the plaintiff but with the wife of the plaintiff.''

The demurrer in this regard is wrongly taken. The declaration may not show any direct authorization from the husband to the wife to buy the ticket and have the same delivered to him in Vicksburg as per the special arrangement made by the wife. It does show that the wife was the agent of the husband in sending him the where-with-all to get home on. The wife chose the means of carrying out her authority. She was but a general agent for this purpose.

It hardly needs citation of authority to sustain the doctrine that the agent is allowed some discretion in carrying out the purpose for which the agency was created. Mere detail is left to the agent, the means whereby is left to the agent.

It was the plaintiff's contract in the first place. If not then it clearly was by ratification, as the plaintiff took the benefit and used it (the ticket) to go home on.

Looking at this cause as assigned for demurrer and viewing it in the light of the general rule of Mississippi, it becomes contrary to sound principles. The general

rule of Mississippi is to allow a party to sue, though
he may not be the party with whom the contract was
made, if the contract was made for his benefit.    This
rule is exemplified in cases where the sendee of a tele-
graph message is allowed to sue the telegraph company
for any damage suffered by the sendee on account of
any neglect of the company.

In *Shingleur* v. *Western Union Tel. Co.*, 72 Miss. 1030,
18 So. 425, the doctrine is stated to be:   "Putting the
right to sue on the ground that in case of delivery of an
altered message, upon which the sendee has acted to his
damage, the sendee's right to sue is in tort for the injury
to him, we find this view clearly and universally upheld
by the American authorities."

The case of *Western Union Tel. Co.* v. *Allen*, 66 Miss.
549, 6 So. 461, extends the same right of action to the
sendee where there has been a delay in the delivery of a
message.    And in respect to the general liability of the
defendant to the sendee enunciates the principle that is
followed with great force in the *Shingleur case, supra.*

Thompson in his work on Electricity hits the nail on
the head in respect to the right of the sendee to sue.

"The true view which seems to sustain the right of
action in the receiver of the message or in the person
addressed where it is not delivered, is one which ele-
vates the question above the plane of mere privity of
contract and places it where it belongs, upon the public
duty which the telegraph company owes to the person
beneficially interested in the message."    (Quoted from
Shingleur case.)    *Wells* v. *Postal Tel. Co. Co.*, 35 So.
190, 82 Miss. 733; *Western Union Tel. Co.* v. *Jackson*,
50 So. (Ala.) 316; *Anniston Cordage Co.* v. *Western
Union*, 49 So. (Ala.) 770; 27 Am. and Eng. Ency. of
Law (2d Ed.), 2 Am. and Eng., annotated cases 396-
398.

Practically all the American courts hold the rule enun-
ciated above to be the law.    *Frazier* v. *Western Union*

*Tel. Co.,* 45 Or. 414, 67 L. R. A. 319; *Fast* v. *Canton A. & N. R. R. Co.,* 77 Miss. 498, 27 So. 525; *Waters* v. *Mobile & Ohio R. R. Co.,* 74 Miss. 534; *Alabama & Vicksburg R. R. Co.* v. *Pounder,* 35 So. 155, 82 Miss. 568; *Kansas City M. B. R. R. Co.* v. *Cantrell,* 12 So. 344 70 Miss. 329; *Western Union Tel. Co.* v. *Allen,* 6 So. 461, 66 Miss. 549; *Nevin* v. *Pullman Palace Car Company,* 106 Ill. 222, 46 Am. St. Rep. 688-691.

*Mayes & Longstreet,* for appellee.

If for no other reason the decision of the court below in this case should be affirmed, for want of privity between the party bringing the suit and the defendant. The contract alleged to have been broken was not made between the plaintiff and the defendant, nor does the declaration allege that in making the alleged contract the wife of plaintiff was acting as his agent. It is fundamental that the pleader is supposed to have stated his case most strongly for himself; and in this declaration there is no such allegation.

The brief for the appellant frankly admits that there are no direct authorities discovered by its attorney bearing on the questions in this case. But on this point, we have discovered a direct authority, and so far as we have found, it is the only one in the books.

See *Ogles* v. *Nashville, etc., Ry. Co.,* 60 S. E. Rep. 1048; also reported in 51 Am. and Eng. R. R. Cases, 765.

Second point: Moreover, this decision should be affirmed on the merits of the question raised, independent of that of privity.

The substance of the claim is that the railroad company incurred a liability for the reason that the plaintiff was not notified for some two or three days, he being in Vicksburg, that a ticket was at Vicksburg office for his use.

Counsel for the appellant again frankly admits that he finds no case holding his view or bearing on the sub-

ject directly.   Neither have we found any except the case above, which went off on the question of privity.

It is unquestionably true, and it is fundamental law, that parties dealing with railroad companies are presumed to know their course of business.   In the *Sevier case,* 61 Miss. 8, Judge Campbell so declared, and held that the plaintiff in that case must be held to have known the established usage of calling out the name of the station, and for the passenger to leave the car on its arrival at his destination, etc., and it was there held that the promise of the conductor was his personal obligation, etc.

It is not customary for tickets to be sold with an agreement by the agent that a special notice is to be given to some person away from the station house in some town far away.   If such a promise was made, it was a separate and independent undertaking of the agent, which is not authorized by the company; or at least is not shown in the declaration to have been authorized by the company.

If an agent does an act beyond his ordinary and usual powers, special authority from the carrier must be shown in order to render it binding as the carrier's act; so held in *Giles* v. *Taff Vale Co.,* 21 El. and Bl., 822, 75 E. C. L. 822.

The citation of the Reid case in the brief of appellant and other similar cases, is misleading; for they do not reach this question.   It is one thing to say and hold that a ticket agent, acting within the scope of his known and given authority, who states to the purchaser at the time of the sale of the ticket the privilege and rights which the holding ticket carries with it, and quite another thing to say and hold that a ticket agent, has a right to make a special contract for special and extraordinary services, not on payment of consideration therefor to the company, but on the usual and given ticket price whereby the ticket is to be delivered.   You cannot reason from one thing to the other.

In the former case the agent is making a representation about the effect of his ticket, and his rights under the ticket to a ticket purchaser who thereby becomes at the time a passenger; in the latter case he is undertaking to make an executory contract outside of and not in anywise related to the effect and operation of the ticket or the rights to be enjoyed under it when delivered. The last thing he has no right to do and thereby bind the company to a suit for damages.

Appellant in his brief expressly states that there was no common law liability resting upon the railroad company to deliver a ticket to a purchaser anywhere besides at its box office. He admits that he can produce no authority sustaining his contention; he fails to show any statutory requirement; and as we have stated above, if he intends to invoke any special power, as in point of fact this case does, that authority should have been expressly averred and shown in the declaration; and the declaration could only be good by such a showing.

Argued orally by *Albert M. Bonelli,* for appellant.

SMITH, J., delivered the opinion of the court.

The contract sued on having been made by plaintiff's wife with appellee for his (plaintiff's) benefit, he has the right to maintain a suit for the breach thereof in his own name. *Sweatman* v. *Parker,* 49 Miss. 19, 30 Cyc. 65; 15 Ency. Plead. and Prac. 509.

The allegation that the contract sued on was made with an agent of the defendant carries with it the inference that in making it the agent acted within the scope of his authority. 31 Cyc. 1627; 16 Ency. Plead. and Prac. 900. Whether or not this agent in fact acted within the scope of his authority can therefore be determined only when the proof comes in.

The demurrer should have been overruled, and consequently the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*