**M. T. REED CONST. CO.**

v.

**VIRGINIA METAL PRODUCTS CORP.**

No. 14981.

United States Court of Appeals,
Fifth Circuit.

May 24, 1954.

Rehearing Denied June 25, 1954.
See 214 F.2d 127.

William Harold Cox, Jackson, Miss.,
for appellant.

Charles Clark, Earl T. Thomas, Jackson, Miss., W. C. Wells, III, Jackson, Miss., Wells, Thomas & Wells, Jackson, Miss., of counsel, for appellee.

Before HOLMES and STRUM, Circuit Judges, and THOMAS, District Judge.

HOLMES, Circuit Judge.

The appellant sued the appellee in the court below for damages caused in the construction of a library building for the University of Mississippi. The claim is based on three separate and substantially identical contracts, awarded on the same day to three different contractors by the State Building Commission, for the construction of different parts of the same building. Performance of each contract was limited to 300 days. The appellee's contract was to furnish and install a metal section of steel bookstacks. Another contractor was to install the plumbing and heating. Appellant was awarded the contract for the general construction of the entire building except the electrical work and the contracts above mentioned. These contractors agreed in their respective contracts to coordinate their work and cooperate with each other so as to facil-

itate and expedite the completion of the building.

There was a trial of this case before a jury, resulting in a verdict for the appellant in the sum of $15,080, which the trial court set aside and thereupon rendered judgment for the appellee notwithstanding the verdict. The appellee has conceded that the jury's special verdict must be accepted as correct. It contends that appellant was at best but an incidental beneficiary of the contract between it and the state building commission, and that this renders the appellant not entitled to maintain an action on said contract. The appellee also contends that appellant's acceptance of the final payment under the terms of its contract operated as a full and complete release and discharge of all its claims against both the building commission and the appellee. The trial court held that appellant was a mere incidental beneficiary and not entitled to maintain an action against appellee on the latter's contract with the building commission; and that, by accepting final payment on its own contract, the appellant released both the building commission and the appellee from its every act relating to or arising out of this construction work.

In order to narrow the issues on this appeal, the appellee's brief agrees with statements in the brief of appellant to the effect that the decision of this case is governed by the laws of Mississippi, since federal jurisdiction depends solely upon diversity of citizenship and the requisite jurisdictional amount; that Reed well knew at all times that no suit could be maintained by anyone against the State of Mississippi; that courts can never make a contract for the parties under the guise of construing the contract, and that appellee never once receded from its position that it owed appellant no duty whatsoever under the contract between appellee and the state building commission in the circumstances mentioned and under the provisions of such contract.

■ Upon the facts established by the verdict of the jury, and under our interpretation of the written contract, we agree with appellant that it was a direct beneficiary of the contract of appellee with the state building commission, which obligated the appellee to cooperate with appellant and coordinate its work with that of appellant so as to enable both of them to complete their respective jobs on time. The building could not have been completed without such mutual obligation on the part of each of the contractors, and the obligation so to do was a part of the consideration that induced each of the contractors to undertake its particular job at the agreed price. The jury heard all of the facts in evidence, and returned a verdict for appellant for the amount stated.

■ All time limits agreed upon by the parties were expressly stated to be of the essence of the contract. Provisions for delays and extensions of time were agreed not to exclude the recovery of damages for delay by either party under other provisions of the contract. The commission, in each contract, reserved the right to let other contracts in connection with this building, and each contractor agreed to coordinate his work so as to afford other contractors reasonable opportunity for the execution of their work, and further agreed that any cost caused by defective or ill-timed work should be borne by the party responsible therefor. Finally, there was a clause with reference to the mutual responsibility of contractors which provided that, should any contractor cause damage to any separate contractor on the work, the contractor causing such damage agreed, upon due notice, to settle with such other contractor by agreement or arbitration. According to Funk & Wagnall's new International Dictionary, one meaning of "to settle" is to liquidate or pay, and that is the meaning in which it was used in this instance. One who contracts to pay or liquidate an obligation by agreement or arbitration is liable in an action for damages if he breaches the contract. Due notice of this damage was given to appellee by the appellant, and

the appellee never once receded from its position that it owed the appellant no duty whatever under the contract. The law arises out of the facts. Accordingly, the contract between the State and the appellee created the latter's direct obligation to settle with, that is to pay, the appellant; out of the fact of this obligation and the fact of its breach, the claim, liability, or cause of action, in suit arose against the appellee in favor of appellant by virtue of the common law of Mississippi.

In our opinion the trial court erred in holding as a matter of law that the appellant was a mere incidental beneficiary of the building commission's contract with the appellee. Apparently, there is no disagreement between counsel as to the governing principle of law involved, but the controversy is over the application of the principle to the facts of this case. We think, under the local law, that the contract in suit made the several contractors direct beneficiaries of the contractual provision that any contractor would be liable for any actual damages inflicted upon another contractor on this job because of the breach of any duty assumed under the contract by the contractor. When to this there was added the contractual obligation, upon due notice, to settle with such contractor by agreement or arbitration for the damage caused, the local law created the right of action or caused it to arise out of the facts. Ex facto jus oritur. Yazoo & Mississippi Valley R. Co. v. Sideboard, 161 Miss. 4, 133 So. 669.

The fact that appellant accepted final payment of the money due under the contract from the state building commission is not material. There was no controversy between said parties as to the items paid, and there was no contemplated suit by the appellant against the state. The release granted the state was not with reference to the damages for which this suit was brought. The appellant claims that this point is an afterthought, since accord and satisfaction was not pleaded, and is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; but since the court below sustained the point, we have considered it on the merits and rejected it upon the authority of Wunderlich v. State Highway Comm., 183 Miss. 428, 184 So. 456.

The judgment appealed from is reversed, the verdict of the jury reinstated, and the cause remanded to the district court with directions to enter judgment for appellant on the verdict for $15,080, with interest at the rate of six per cent per annum thereon from November 17, 1950, and for further proceedings not inconsistent with this opinion. 28 U.S. C.A. § 2106.

Reversed.