BURNS *v.* WASHINGTON SAVINGS AND
GREAT SOUTHERN SAVINGS AND LOAN ASSOCIATION

No. 43326 February 1, 1965 171 So. 2d 322

*Tighe & Tighe,* Jackson, for appellant.

*Satterfield, Shell, Williams & Buford, Walter J. Gex, III,* Jackson, for appellee.

792

Rodgers, J.

This is a suit brought to recover damages for the breach of certain alleged contracts claimed by the com-

plainant Lee Burns to have been made for his benefit. In short, this is an action to enforce a contract for the benefit of a third party beneficiary.

Appellant filed suit in the First Judicial District of Hinds County, Mississippi, in which he claimed to have been damaged by the alleged failure of the defendant, Washington Savings, to carry out its contract with certain persons who had entered into individual contracts to borrow money for the purpose of paying appellant, Lee Burns, money due him for the construction of their homes.

The original bill of complaint was amended so as to make the Great Southern Savings & Loan Association a party-defendant, upon the theory that the assets belonging to Washington Savings had been fraudulently transferred to the Great Southern Savings & Loan Association.

The original bill of complaint alleges that appellant is a building contractor, doing business under the trade name of B. & E Construction Company. Certain individuals (hereafter called homeowners) entered into written contracts with appellant to build separate residences upon land owned by them; that they desired to obtain loans to finance the construction of their residences; and that appellant directed them to Washington Savings. The homeowners filed their application with Washington Savings requesting loans as follows: W. F. Blair $8,500; A. J. Cothren $9,000; Clifton C. Jackson $4,500; J. C. Jones $4,700. Appellant aided in obtaining surveys, credit reports, title insurance and plans and specifications which were filed with Washington Savings. It is alleged that Washington Savings gave written commitments to make the loans requested by letters addressed to B & E Construction Company. It is charged that the application for loans, and letters addressed to appellant in regard to each homeowner's loan constituted a written contract entered into between the home-

owners and Washington Savings in each case. It is charged that the contracts were sufficiently broad to include appellant as a third party beneficiary. It is charged that Washington Savings refused to make the loans to the homeowners and appellant was forced to take mortgages upon their property and sell them at a loss. Appellant charges that he has been damaged as a result of the breach of the various contracts in the total sum of $19,849.15. Suit was therefore instituted by appellant upon the theory that he was a third party beneficiary under the contract, and thus had a right to sue in his own name. Defendants filed general demurrers to the original bill of complaint. The demurrers were sustained, and when appellant failed to amend his bill of complaint the case was dismissed. Appellant has appealed.

In the outset, we bypass the obvious issue as to whether or not the written applications for loans, taken together with letters addressed to the B & E Construction Company stating that loans would be made, are in fact legally sufficient to constitute contracts. We assume, without deciding, that such writings constituted contracts with the various loan applicants. We go directly to the real issue as to whether or not appellant Lee Burns can maintain an action to recover damages for the breach of the various contracts.

■■ ■ It is a general rule of the law of contracts that in order to maintain an action to enforce the breach of a contract, or to recover damages growing out of the breach, or for failure to carry out the terms of the contract, it is ordinarily a necessary prerequisite that the relationship of privity of contract exist between the party damaged and the party sought to be held liable for the breach of the contract. Jones v. Mississippi Farms Co., 116 Miss. 295, 76 So. 880 (1917); 17 Am. Jur. 2d *Contracts* § 297 (1964); 17 A. C. J. S. *Contracts* § 519 (2) (1963).

An exception has been engrafted on this rule and stated succinctly, it is as follows: A third person may sue on a contract made for his benefit between others to the consideration of which he is a stranger. Or stated differently, "a third person may in his own right and name, enforce a promise made for his benefit even though he is a stranger both to the contract and the consideration." 17 Am. Jur. 2d *Contracts* § 302, at p. 722 (1964). 17 A C. J. S. *Contracts* § 519 (3) (1963).

In England, it was originally held that where the person to be benefited was the child of the promisee, the child could maintain an action against the promisor upon the contract. Dutton v. Pool, 2 Lev. 210, 83 E. R. 523, 1 Vent. 318, 332 (1908) — affirmed in the Exch. Chamber P. Raym. 302; Bourne v. Mason, 1 Vent. 6 (1908). This rule has been reiterated in later cases and has become a firm, established doctrine in England. The rule is nevertheless regarded as a special case controlled by the relationship of the parties. Annot. 81 A. L. R. 1271 (1932). The English rule is strictly adhered to and no exception is made in case of parties closely related to each other. 12 Am. Jur. *Contracts* § 275 (1938); Tweddle v. Atkinson, 1 Best & S 393, 121 Eng. Reprint 762, 101 E. C. L. 393 (1861); Price v. Easton, 4 B. & Ad. 433, 1 Nev. & M.K.B. 303; 2 L.J.K.B. 51, 110 E. R. 518 (1833).

The early cases establishing the rule in the United States appear to have arisen in New York where the doctrine was broadly established; that where one person makes a promise to another for the benefit of a third person, the third person may maintain an action on such promise. Schemerhorn v. Vanderheyden, 1 Johnson 139 (N.Y.), 3 Am. Dec. 304 (1806). This principle of law has been recognized by most of the states of the United States, although some states have modified the rule. 12 Am. Jur. *Contracts* § 277 (1938); 17 Am. Jur. 2d *Contracts* § 303 (1964).

 ██ The historical development of the rule giving the third party beneficiary the right to maintain an action for the breach of the contract has not been entirely satisfactory to the courts so they have repeatedly. declared that the rule is to be confined to its original limits. Thus, it has been established that an incidental benefit to a third party is not a sufficient legal ground to give him a right of action upon a contract. It is said: ''The principle that one not a party or privy to a contract but who is the beneficiary thereof is entitled to maintain an action for its breach is not so far extended as to give to a third person who is only indirectly and incidentally benefited by the contract the right to sue upon it. A mere incidental, collateral, or consequential benefit which may accrue to a third person by reason of the performance of the contract, or the mere fact that he has been injured by the breach thereof, is not sufficient to enable him to maintain an action on the contract. Where the contract is primarily for the benefit of the parties thereto, the mere fact that a third person would be incidentally benefited does not give him a right to sue for its breach.'' 17 Am. Jur. 2d *Contracts* § 307, at 732-33 (1964). Rest. of the Law *Contracts* § 133 (1932); Annot. 81 A. L. R. 1287 (1932).

 ██ In order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promisee to such third person beneficiary. This obligation must. have been a legal duty which connects the beneficiary with the contract. ██ In other words, the right of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. 17A C. J. S. *Contracts* § 519 (4) (1963).

Mississippi adopted the so-called American rule early in our judicial history. In the case of Lee v. Newman, 55 Miss. 365 (1877), at p. 374, this Court said: "It has been held from very early times, though not always without question, that where a contract not under seal is made with A to pay B a sum of money, B may maintain an action in his own name; and in America it has been held that such promise is to be deemed made to the third party, if adopted by him, though he was not cognizant of it when made." This rule has been reiterated many times. Arnold's of Mississippi, Inc. v. Clancy, 251 Miss. 789, 171 So. 2d 152; M. T. Reed Const. Co. v. Virginia Metal Products Corp., 213 F. 2d 337, rehearing denied 214 F. 2d 127 (1954); Hartford Acc. & Indem. Co. v. Hewes, 190 Miss. 225, 199 So. 93 (1940), modified 199 So. 772 (1941); Yazoo & M V R. Co. v. Sideboard, 161 Miss. 4, 133 So. 669 (1931); Moore v. Kirkland, 112 Miss. 55, 72 So. 855 (1916); Canada v. Yazoo & M. V. R. Co., 101 Miss. 274, 57 So. 913 (1912); Vigniau v. Ruffins, 1 Miss. (Walker) 312 (1829).

In the *Sideboard* case, *supra,* this Court said: "The difficulty is to determine when a particular case comes within the rule. There are hundreds of cases on the subject. . . . Taking the leading among those cases, as, for instance Smyth v. City of New York, 203 N. Y. 106, 96 N. E. 409, and searching through them for a more definite or a more tangible statement of the rule, we think it will be found that the best considered of these cases reason the matter down to this: (1) When the terms of the contract are expressly broad enough to include the third party either by name as one of a specified class, and (2) the said third party was evidently within the intent of the term so used, the said third party will be within its benefits, if (3) the promisee had, in fact, a substantial or articulate interest in the welfare of the said third party in respect to the subject of the contract." *Cf.* 17 Am. Jur. 2d *Contracts* § 308 (1964).

In what category then, does the B & E Construction Company fit into the rule as the third party beneficiary?

██ █ We find no expression or words in the alleged contract *expressly* including appellant, either by *name* or as one of the *specified class*. We find no *terms used* in the contract showing the *intent* of the parties to include appellant as a beneficiary. We find no substantial and articulate interest of the promisee in the welfare of the B & E Construction Company.

It now becomes apparent that the only beneficial interest the B & E Construction Company had in the carrying out of the alleged contracts between the homeowners and Washington Savings was that appellant would have been benefited, in that the homeowners would have obtained funds with which to have paid appellant, building contractor. However, all persons who advanced funds, materials, labor, insurance premiums, engineers' fees, and attorneys' fees were also interested in the carrying out of the contracts since they too would have benefited by loans to the homeowners. It is apparent, however, that they were merely incidental beneficiaries and not third party beneficiaries within the intent, terms and meaning of the contract. In the case of Hartford Acc. & Indem. Co. v. Hewes, 190 Miss. 205, 199 So. 93, 199 So. 772 (1940-1941), this Court said: ''But the controlling principle of law here involved is that one not a party to a contract can sue for a breach thereof only when the condition which is alleged to have been broken was *placed in the contract for his direct benefit*. A mere incidental beneficiary acquires by virtue of the contractual obligation no right against the promisor or the promisee.'' (Emphasis supplied).

We have reached the conclusion that appellant was not a third party beneficiary within the terms of the alleged contract between the homeowners and the lending agency, Washington Savings. Appellant therefore could not maintain an action against the lending agency

because of its alleged failure to carry out an alleged agreement with the homeowners. Thus the Chancellor was correct in sustaining the demurrer filed by appellee.

Appellant insists that the Chancellor committed reversible error in not requiring appellees to divulge material evidence, and that the court erred in not making a finding of fact in compliance with appellant's request under the authority of Mississippi Code Annotated section 1659 (1956).

We are of the opinion, however, that since appellant could not maintain a cause of action against defendants, he had no right to require discovery or the production of evidence. Moreover, the Chancellor is not required to make a finding of fact within the meaning of Mississippi Code Annotated section 1390 (1956) except in litigated cases where facts are developed, and since no facts were developed upon the hearing of the demurrers, and appellant had no right to require appellee to produce documents, the Chancellor acted properly in dismissing the cause of action upon appellant's failure to amend.

The record reveals that Robert E. Byrd filed an original bill of complaint as a complainant-intervenor in this cause of action in the trial court. The petition is still pending in the trial court against Washington Savings and Great Southern Savings & Loan Association. This cause must therefore be remanded so that the trial court may hear the issue between the intervenor and defendants.

The decree of the court dismissing the suit of appellant Lee Burns is hereby affirmed, and the cause is remanded for further proceedings as to the claim of the intervenor.

Affirmed and remanded for further proceedings not inconsistent with this opinion.

*Kyle, P. J., and Gillespie, Jones and Brady, JJ.,* concur.