LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. Mike and Donna Stuckey offered certain personal property to Community *2 Bank of Mississippi as collateral for loans made in connection with their cattle business. After the Stuckeys defaulted on the loans, Community Bank filed a replevin action in the Circuit Court of Covington County against the Stuckeys to obtain the property. Donna filed a separate answer and counter-complaint, alleging the following claims against Community Bank and Raymond McAlpin, one of its employees: forgery; conversion; misrepresentation; breach of fiduciary duties; tortious breach of good faith and fair dealing; tortious breach of warranty; intentional/negligent infliction of emotional distress; damage to credit reputation; and grossly negligent and/or intentional conduct. Mike also filed an answer and counter-complaint. However, this appeal only relates to claims made by Donna.
¶ 2. Community Bank answered Donna’s counter-complaint and requested that the trial court compel arbitration against Donna. Community Bank also filed a motion to compel arbitration and to stay the proceedings. Donna responded that she was not subject to arbitration because she did not sign an arbitration agreement. Donna asserts that although her name appears on approximately fifty-five documents containing arbitration agreements signed over a two-year period, she only went to Community Bank one time to sign a deed of trust. The deed of trust, which was dated May 12, 2003, conveyed an eleven-acre parcel of property from Community Bank to the Stuckeys. She asserts that the signature on the arbitration agreement attached to the deed of trust was a forgery.
¶ 3. The trial court agreed with Donna and found that “there does not exist convincing evidence that Donna Stuckey executed any of the subject arbitration agreements.” The trial court further found that the cattle business was entered into between Mike and McAlpin, a bank employee, and Donna had no interest in the business. Therefore, the trial court found that Donna was not a third-party beneficiary to the agreement.
¶ 4. Community Bank now appeals, asserting the following issues: (1) the trial court erred in finding that Donna did not sign the arbitration agreements; (2) in the alternative, even if her signatures were found to be forged, Donna is bound to arbitrate because she was a third-party beneficiary of the loans; and (3) in the alternative, Donna is bound to arbitrate under the doctrine of equitable estoppel.
FACTS
¶ 5. The Stuckeys operated a cattle business named Stuckey Farms. According to Donna, her husband, Mike, met McAlpin, a loan officer, while making a large deposit at Community Bank in Raleigh, Mississippi. The two became friends, and McAlpin was made a partner in Mike’s cattle business. McAlpin handled the banking transactions, negotiations for the purchase and sale of cattle, and wrote checks for expenses out of Mike’s account. McAlpin received one-half of the profits from the partnership. McAlpin made loans to Mike totaling over $500,000. Donna asserts that McAlpin and other bank employees forged her and Mike’s names on many of the loan documents. Also, she alleges that McAl-pin directed Mike to forge her name on numerous documents. Donna testified through her deposition that she did not know her signature was forged until she received a document in the mail reflecting that a loan had been paid off. Her name was signed on the document, but she testified it was not her handwriting. She confronted McAlpin, who was with Mike on the farm, and he stated that his secretary had signed Donna’s name to the document. She told him that he did not have permission to have someone sign for her, and that *3 he was not to allow anyone to sign her name to any documents again. McAlpin’s signature does not appear on any of the loan documents.
¶ 6. Donna also asserts that McAlpin made misrepresentations to convince them to purchase an eleven-acre parcel of property in Smith County from the bank for residential development. Donna admits to signing the deed of trust in connection with the purchase of this property, but she denies signing any documents that contain arbitration clauses. The Stuckeys purchased the land and constructed one home on the property, but they were unable to sell it. Donna asserts that McAlpin represented to her and Mike that the land was prime property for residential development and that the property was worth more than the bank’s asking price. When Mike began to develop the land, he and Donna were sued by the Board of Supervisors of Smith County for damaging a public road while performing dirt work. Donna asserts that McAlpin was present when the dirt work was being performed and failed to tell Mike that the road into the property was a public road. She also asserts that McAlpin failed to tell Mike that the local water company would not provide water to the property. Donna asserts that she and Mike sustained losses for the purchase price of the property, the cost of the dirt work to prepare the lots, and the construction of one completed home.
¶ 7. Community Bank argues that it was error for the trial court to find that Donna had signed the May 12, 2003, loan documents but not the arbitration agreement in connection with that loan. It asserts that the documents were in one package, and it is not likely that Donna signed one document without signing the others. Community Bank retained a handwriting expert, Grant Sperry, to review the alleged forged signatures. Sperry found that many of the signatures were forged by Mike. However, Sperry found that the signatures on several of the loan documents, including several arbitration agreements, were signed by Donna. He found that the arbitration agreement in connection with the May 12, 2003, deed of trust was signed by Donna. Donna’s handwriting expert, however, found that the signature on the same arbitration agreement was a forgery.
STANDARD OF REVIEW
¶8. The standard of review for a denial of a motion to compel arbitration is de novo. United Credit Corp. v. Hubbard, 905 So.2d 1176, 1177(¶ 7) (Miss.2004).
I. SIGNATURES ON LOAN DOCUMENTS
¶ 9. Conflicting testimony was presented regarding who had signed the arbitration agreements. Community Bank argues that the testimony showed that Donna had signed at least one arbitration agreement, which was sufficient to make the arbitration agreement enforceable. However, for purposes relating to the enforcement of arbitration, we find it is unnecessary to determine which documents Donna did or did not sign. As will be discussed in issue two, we find that Donna is subject to arbitration as a third-party beneficiary.
II. THIRD-PARTY BENEFICIARY
¶ 10. Community Bank argues that regardless of whether Donna signed any of the arbitration agreements, she is still bound to arbitrate as a third-party beneficiary. Community Bank asserts that Donna cannot take the benefit of the agreement without subjecting herself to the arbitration agreements as a third-party beneficiary.
¶ 11. The supreme court has recognized that “arbitration agreements can be enforced against non-signatories if such non-signatory is a third-party beneficiary.” *4 Adams v. Greenpoint Credit, LLC, 943 So.2d 703, 708 (¶ 15) (citing Smith Barney, Inc. v. Henry, 775 So.2d 722, 727 (¶¶ 18-20) (Miss.2001)). The supreme court set forth factors to consider to determine whether someone is a third-party beneficiary:
In order for the third[-]person beneficiary to have a cause of action, the contracts between the original parties must have been entered for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promisee to such third[-]person beneficiary. The obligation must have been a legal duty which connects the beneficiary with the contract. In other words, the right of the third [-] party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. 17A C.J.S. Contracts 519(4) (1963).
Adams, 943 So.2d at 708-09(¶ 15) (quoting Burns v. Washington Sav., 251 Miss. 789, 796, 171 So.2d 322, 325 (1965)).
¶ 12. Donna argues that if she is found to be a third-party beneficiary, arbitration is limited to the deed of trust because that is the only document she admits to having signed. Community Bank argues that Donna is a third-party beneficiary to the deed of trust and the cattle loans. In support of its argument that Donna is a third-party beneficiary to the cattle loans, Community Bank cites to Donna’s answer and counterclaim, in which Donna states that she was an owner of an interest in Stuckey Farms, and that she suffered personal detriment and damage when 'McAl-pin took profits from the sale of cattle without her knowledge or permission.
¶ 13. On the issue of whether Donna was a third-party beneficiary, the trial court found as follows:
That the business enterprise entered into by Raymond McAlpin and Mike Stuckey was for cattle in which Donna Stuckey had no interest, and she is not, therefore, a third-party beneficiary of said enterprise; and that the claims stated in Donna Stuckey’s counter-claim are outside the scope of the arbitration agreement.
¶ 14. We cannot agree with the trial court that Donna had no interest in the cattle operation. Donna repeatedly states throughout the pleadings that she is a co-owner of and interest holder in Stuckey Farms. In her counter-complaint, Donna specifically alleges: “Raymond McAlpin, [sic] took profits from the sale of cattle by Stuckey Farms to the detriment and damage of Donna Stuckey, all without the knowledge or permission of Donna Stuck-ey.” In her deposition she states that her name is on the business checking account, and she writes payroll checks. The cattle company that McAlpin was made a partner in was referred to as either “M & R” (Mike and Raymond) or “MDR” (Mike, Donna, and Raymond). The cattle were branded either M & R or MDR.
¶ 15. Since Donna was a co-owner in the cattle operation and claims that she suffered because of the relationship with McAlpin, we find that Donna is a third-party beneficiary to the loan agreements. We further find that Donna is a third-party beneficiary to the deed of trust. Donna was a co-owner of the eleven-acre parcel purchased through the deed of trust and now claims detriment because of misrepresentations made by McAlpin in association with the development of the land. Therefore, we find that the trial court erred in denying Community Bank’s motion to compel arbitration.
*5 III. EQUITABLE ESTOPPEL
¶ 16. We find that Donna is equitably estopped from bringing an action based on the loan documents.
¶ 17. The supreme court has found that:
In the arbitration context, the doctrine of estoppel recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract’s arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. To allow a plaintiff to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.
Terminix Intern., Inc. v. Rice, 904 So.2d 1051, 1058(¶ 28) (Miss.2004) (quoting Washington Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 268 (5th Cir.2004)).
¶ 18. As discussed above, we find that Donna is a third-party beneficiary to the loan agreements. Therefore, Donna is es-topped from filing suit based on breaches of duties associated with the loan documents and at the same time claiming that she is not bound by the provisions in the documents.
¶ 19. Therefore, we find that the trial court erred in denying Community Bank’s motion to compel arbitration. We reverse the judgment of the trial court and remand this case with instructions to the trial court to enforce the arbitration agreement.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF COVINGTON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
MYERS, P.J., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. KING, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES, J.