## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00098-COA

PETER RUSSELL                                                          APPELLANT

v.

BEACHWALK CONDOMINUMS                                                   APPELLEE
ASSOCIATION, INC.

DATE OF JUDGMENT:              12/18/2014
TRIAL JUDGE:                   HON. LISA P. DODSON
COURT FROM WHICH APPEALED:     HARRISON COUNTY CIRCUIT COURT,
                               FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        L. CHRISTOPHER BREARD
ATTORNEY FOR APPELLEE:         THOMAS LYNN CARPENTER JR.
NATURE OF THE CASE:            CIVIL - OTHER
TRIAL COURT DISPOSITION:       DENIED SANCTIONS
DISPOSITION:                   AFFIRMED: 05/17/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

      **BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

      **FAIR, J., FOR THE COURT:**

¶1.     Peter Russell entered into a two-year lease for a condominium[1] shortly before it was

foreclosed upon, and the continuing validity of his lease was challenged by the new owner.

Beachwalk Condominiums Association, the homeowners' association, brought a separate suit

against Russell to enjoin him from using the common areas of the complex. Several years

later, Russell surrendered the premises and the Beachwalk suit was dismissed as moot. All

---

[1] The lease was actually with Russell and "Bay Homes, LLC," but the LLC was not a party to this suit. Russell appears to have signed the lease in the capacity of Bay Homes' manager, and the lease stated that only Russell would occupy the premises.

that remains are Russell's various claims for sanctions, which were denied by the trial court.

¶2.     Because sanctions are entrusted to the sound discretion of the trial court, and no abuse of that discretion has been shown, we affirm.

## FACTS

¶3.     We borrow the following statement of facts from the thorough recitation of the Harrison County Circuit Court, which heard the first appeal in this case:

> The litigation of this matter began in the Chancery Court of the First Judicial District of Harrison County, Mississippi when [Beachwalk] filed suit against Russell seeking both a temporary and a permanent injunction. The matter was litigated in that court for a period of time and was then transferred to the County Court. By Order dated October 31, 2013, the County Court denied Russell's Motion for Protective Order and Russell's Motion for Summary Judgment as moot, denied Russell's Motion for Sanctions, and denied Beachwalk's Motion to Amend and Other Relief. Russell sought reconsideration only as to his Motion for Sanctions. That request was denied by Order filed February 3, 2014. This appeal followed.
>
> Beachwalk is the homeowners association for the Beachwalk condominium complex. The Meltons owned a condominium there which was foreclosed on by the Federal National Mortgage Association (FNMA). Russell was living in that condominium. At some point, questions were raised about Russell's living there and complaints were made about Russell with regard to his alleged behavior in the common areas of the condominium complex, including at the pool and around children. Beachwalk filed suit in the Chancery Court seeking an injunction regarding Russell's behavior and seeking to enjoin him from use of the common areas. The Complaint alleged that FNMA owned the condominium in which Russell was living; that Russell was a squatter who was trespassing on the common areas of the complex; and that Russell was engaging in loud, profane, and otherwise offensive conduct and language.
>
> Beachwalk also posted a notice on the door of the condominium in which Russell lived giving notice of the amount of homeowners association dues or fees (hereinafter fees) past due and advising that the water was being cut off and that the common areas could not be used until the fees were paid. Russell

2

filed a Motion seeking emergency relief in the Chancery Court suit. The emergency motion sought to have the water turned back on. It alleged that Russell had a lease on the condominium with an addendum, which addendum provided for payment of the monthly homeowners association fees by payment from Russell of a portion of the rent payments; stated that Russell would pay the monthly fees; refers to the FNMA suit which was then pending in County Court stating that FNMA was seeking to remove Russell from the condominium; raised the issue of standing and a federal act which Russell alleged protected him concerning the lease; says that Russell's rights were violated due to lack of due process; and sought to enjoin Beachwalk from interfering with his use of the premises.

A hearing was held, and the [c]hancellor ordered that Russell post a [M.R.C.P.] Rule 65 bond, that Beachwalk turn the water back on at the condominium, and that both parties were enjoined from interfering with the other's use and enjoyment of the premises. That Order stated that the right of possession of the condominium would be decided by the County Court in the FNMA suit. Russell also filed an answer in the Chancery Court matter. Other hearings occurred in Chancery Court, but none involving a final determination on the merits of the complaint or defenses.

While the Chancery Court matter was pending, the FNMA suit against Russell in County Court sought to evict him from the condominium, alleging that the purported lease was invalid. Russell defended, claiming a valid lease and protection of federal statutes concerning lessees of foreclosed property. At some point, the Chancery Court matter was transferred to County Court. Beachwalk then sought to consolidate its claims with those in the FNMA suit. This motion was denied by the judge assigned to the FNMA case. Both matters then proceeded separately in County Court before different judges.

In the Beachwalk case, Beachwalk filed a Motion to Amend on January 11, 2013. That Motion sought to amend the complaint to claim that Beachwalk was a third party beneficiary to the lease addendum and to seek the payment of the homeowners association fees. Russell opposed the amendment and also sought summary judgment and sanctions. The motions were all apparently set by the parties, but did not get put on the County Court Judge's docket and were, therefore, not heard. Those motions were reset for July 3, 2013. The FNMA County Court case was resolved between FNMA and Russell. As a result of that resolution, Russell was to vacate the condominium by March 4, 2013. FNMA then sold the condominium. The past due homeowners

3

association dues were paid in full in April of 2013.

At the July 3, 2013 hearing in this case, Beachwalk's attorney advised the County Court that all motions were moot with the exception of the motion seeking sanctions. This was based on the fact that, as of that hearing date, Russell had moved out and the past due fees had been paid. The County Court Judge heard the arguments and took the matter under advisement. The County Court Judge later found that Beachwalk was successful in obtaining part of the relief which it sought in Chancery Court and found that the motion seeking to amend in Count Court was not frivolous and not a hopeless endeavor. He denied sanctions. The judge further noted that Beachwalk had indicated that it was withdrawing its motion seeking to amend should sanctions be denied. He, therefore, denied the motion to amend. The judge then found the other two motions to be moot.

The circuit court affirmed the county court's decision to deny sanctions, and Russell has again appealed.

## DISCUSSION

¶4. Russell enumerates two issues for appeal, but his statements of the issues are compound and convoluted, and his fifty-page brief meanders from one assertion to the next with little heed to the purported outline. Mississippi Rule of Appellate Procedure 28(a)(3) requires that the appellant's brief "separately number" each issue, which Russell has not done. More importantly, "[n]o issue not distinctly identified shall be argued." *Id.* And each issue which is identified must be thoroughly and distinctly argued. *See* M.R.A.P. 28(a)(5)-(6). We will not address contentions that have not been distinctly identified in the statement of issues, nor will we address contentions that have not been separately and distinctly argued.

### 1. Failure to Consider Claims Individually

¶5. Russell argues that the county court erred in not considering all of his claims for

4

sanctions on their own individual merits. It is not an exaggeration to say that Russell claims on appeal that nearly every contested fact asserted by Beachwalk and every cause of action asserted by Beachwalk warranted sanctions. Any failure of the county court to specifically address these potential claims stems from the lack of specificity in Russell's motion for sanctions, which, like his brief on appeal, lacks a clear statement of the issues presented. The only claims for sanctions that were presented in any detail related to Beachwalk's investigation prior to filing the complaint and its attempt to amend the complaint to seek homeowners' association fees from Russell. The trial court addressed these contentions directly in its order denying sanctions. As to the other claims, we will not hold a trial court in error for a matter not properly presented to it for decision. *Moffett v. State*, 49 So. 3d 1073, 1088 (¶41) (Miss. 2010).

## 2. Mootness

¶6. Russell contends that the trial court erroneously denied his motion for sanctions based on its finding that the underlying issues in the lawsuit had become moot after Russell moved out of the condominium. This contention is simply meritless. Both sides agreed during the hearing that the sanctions requests were not moot, and there is no indication the trial court believed otherwise. The trial court specifically addressed and rejected Russell's requests for sanctions, on the merits of his claims.

¶7. We find no merit to Russell's arguments that the trial court employed the wrong legal standard in denying sanctions.

5

### 3. Merits of Claims for Sanctions

¶8.     Mississippi Rule of Civil Procedure 11(b) states that a trial court may award sanctions against a party or attorney who has filed a pleading that is frivolous or was filed for the purpose of harassment or delay.  The Litigation Accountability Act of 1988 provides complementary, overlapping authority to impose sanctions for claims brought "without substantial justification" or "interposed for delay or harassment." Miss. Code Ann. § 11-55-5 (Rev. 2012); *Stevens v. Lake*, 615 So. 2d 1177, 1183-84 (Miss. 1993).  "Without substantial justification" means a filing that is "frivolous, groundless in fact or in law, or vexatious, as determined by the court." Miss. Code Ann. § 11-55-3(a) (Rev. 2012).  A claim is frivolous when, "objectively speaking, the pleader or movant has no hope of success."  *Leaf River Forest Prods. Inc. v. Deakle*, 661 So. 2d 188, 195 (Miss. 1995).  We employ the same test to determine whether a filing is frivolous under both Rule 11 and the Litigation Accountability Act.  *Id.* at 196-97.

¶9.     We review the trial court's decision to grant or deny sanctions under the Litigation Accountability Act or Rule 11 for an abuse of discretion.  *Choctaw Inc. v. Campbell-Cherry-Harrison-Davis & Dove*, 965 So. 2d 1041, 1045 n.6 (Miss. 2007).

#### A. Standing to Sue

¶10.    Russell argues that Beachwalk lacked authority or "standing" to sue him based on provisions in its formation documents and bylaws requiring certain procedures – warnings and the like – to be imposed before remedies may be taken against offending owners or

6

"lawful occupants."

¶11.    These arguments are all premised on the unsupported assertion that Russell was a lawful tenant when Beachwalk filed suit. Russell claims, without any real argument, that his lease continued to be valid after the property was acquired by FNMA through foreclosure. Russell bases this argument on the Protecting Tenants at Foreclosure Act of 2009. Pub. L. No. 111-22, Title VII, §§ 701-704 (2009) (as amended by Pub. L. No. 111-203, Title XIII, § 1484 (2012)). But Russell does nothing more than cite to the Act – which, contrary to his suggestion, does not automatically preserve his lease; the lease is protected only if Russell was a "bona fide" tenant. *Id.* at § 702. This required that the lease be the product of an "arms-length transaction" and that the rent not be "substantially less than the fair market rent for the property." *Id.* Russell offered no proof on either of these points, and he certainly has not shown that there was no colorable argument that his lease was invalid. In fact, Russell was in litigation with FNMA over the validity of his lease at the time Beachwalk filed suit, though the question was apparently never resolved on the merits. Also, there is some evidence in the record suggesting the potential for a factual dispute – Russell's two-year lease was executed shortly before the foreclosure, and the rent was $800 per month, only $300 more than the homeowners' association fees.

¶12.    We find no merit to this argument.

    *B. Amended Complaint*

¶13.    Russell adequately briefs only one other requested sanction, regarding Beachwalk's

7

motion for leave to file an amended complaint, which would have sought homeowners' association fees from Russell based on an agreement he executed with an agent of FNMA after it obtained the condominium following the foreclosure, where Russell agreed to pay $500 of his $800 per month rent directly to Beachwalk. Russell initially stated that he intended to pay the homeowners' association dues, but he never actually did because no one would accept his money.

¶14. Russell now contends that the agreement with FNMA was an illegal modification of his lease under the Protecting Tenants at Foreclosure Act, but this contention is unsupported by any argument or authority except reference to the Act by name. The issue does not appear to have been resolved in the suit between Russell and FNMA, and FNMA was not brought into the instant litigation by either party.

¶15. Russell also argues that Beachwalk had no standing to assert this claim against him because it was only an incidental beneficiary to the agreement between him and FNMA. He provides little argument in support, and makes no real effort to show that Beachwalk's contention was frivolous. In fact, the Mississippi Supreme Court has recognized that the law on third-party beneficiaries is rather complicated. *See Burns v. Wash. Savings*, 251 Miss. 789, 793-97, 171 So. 2d 322, 324-25 (1965). This weighs against an award of sanctions. And, as the court noted, it is generally the case that "a third person may in his own right and name, enforce a promise made for his benefit even though he is a stranger both to the contract and the consideration." *Id.* at 795, 171 So. 2d at 324 (citation omitted). FNMA

8

owed Beachwalk association dues, and Russell owed FNMA rent. He agreed to pay the dues to Beachwalk in lieu of some of his rent. Russell lived in the condominium and enjoyed the services provided by Beachwalk, but neither Russell nor FNMA paid the association dues. Beachwalk's claim to be a third-party beneficiary was hardly frivolous.

¶16. Finally, Russell contends that the county court should have awarded sanctions based on Beachwalk's failure to immediately withdraw the motion seeking to amend the complaint after FNMA ultimately paid the dues. This contention was not presented in Russell's motion for sanctions and is procedurally barred.

## CONCLUSION

¶17. Russell has not shown any abuse of discretion in the county court's denial of sanctions.

¶18. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**