■ BERTHA WILLIAMS, Respondent, v. RAYMOND J. PITTS et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered May 20, 1971 in Albany County, which denied defendants' motion to dismiss the complaint. Plaintiff was injured on April 22, 1970 while a passenger in an automobile, owned by Martha Dorr and operated by Kenneth Dorr, which was struck by an automobile owned by defendant Alfreda Pitts and operated by defendant Raymond Pitts. On August 31, 1970 plaintiff executed and delivered to Kenneth and Martha Dorr a general release containing no reservation of rights against the defendants or anyone else. On or about January 22, 1971 plaintiff commenced this action against defendants whose answer alleged that the release was a complete defense to the action. Defendants then moved

for an order dismissing the complaint on the ground that, there being no reservation of the right to proceed against others in the general release, the release, as a matter of law, released them. On the authority of *Berlow* v. *New York State Thruway Auth.* (35 A D 2d 356), Special Term denied the motion. In view of the reversal of the *Berlow* case by the Court of Appeals (*Berlow* v. *New York State Thruway Auth.*, 29 N Y 2d 949) and the decision in *Malvica* v. *Blumenfeld* (28 N Y 2d 851), the order of Special Term must be reversed and the complaint dismissed. It should be noted that the Legislature amended article 15 of the General Obligations Law (§ 15-108), effective September 1, 1972, to remove the uncertainty reflected in court decisions concerning the common-law rule that a general release given to one tort-feasor discharges all others and to eliminate the inequities resulting therefrom. This amendment, however, has no effect upon the disposition of this appeal. Order reversed, on the law, and complaint dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Simons and Reynolds, JJ., concur.