■ JOHN P. HEINSOHN et al., Plaintiffs, v PUTNAM COMMUNITY HOSPITAL, Defendant and Third-Party Plaintiff-Respondent. ROBERT ROFFMAN, Third-Party Defendant-Appellant.—In a medical malpractice action, the third-party defendant appeals from an order of the Supreme Court, Westchester County, dated May 18, 1978, which denied his motion to dismiss the third-party complaint. Order affirmed, with $50 costs and disbursements. Plaintiffs settled their malpractice claim against Dr. Roffman, the treating physician, prior to instituting their malpractice action in which Putnam Community Hospital was named as the sole defendant. The complaint alleges, *inter alia,* that the female plaintiff (hereinafter the plaintiff) was treated in the emergency clinic of the hospital by Dr. Roffman "with the aid of other agents, employees and servants of the defendant-hospital" and that such treatment as well as her ensuing treatment as an in-patient constituted malpractice by the hospital. Included in the allegations of the hospital's negligence are statements to the effect that it had failed to review the operative procedure and failed to provide for consultation with other members of the medical staff, "particularly after complications had developed". The hospital thereupon served a third-party complaint upon Dr. Roffman seeking indemnification "in whole or in part" if it were found liable in the main action. Dr. Roffman moved to dismiss the third-party complaint on the ground that it was essentially based on a claim for contribution, which would be barred because of the "release given in good faith by the injured person" to him (see General Obligations Law, § 15-108, subd [b]). Special Term denied the motion holding that the third-party complaint sought indemnity, not contribution so that subdivision (b) of section 15-108 was not applicable. Special Term went on to state that "The third-party action should be preserved for appropriate total disposition of this entire matter at the time of trial". We essentially agree with that determination. The request in the third-party complaint for *indemnification* "in whole or in part" is paradoxical since basically a request for the application of *Dole-Dow* is one calling for *contribution.* However, we are concerned with the essence and not with nomenclature. At this early pleading juncture (disclosure proceedings were held in abeyance pending the determination of the third-party defendant's motion at Special Term) it cannot be determined whether the hospital's liability, if any, will be based solely on its derivative responsibility for the affirmative negligent acts of Dr. Roffman. Should that turn out to be the case (e.g., because Dr. Roffman was its employee, or on the theory of apparent agency because it may have held out Dr. Roffman to be its employee [cf. *Mduba v Benedictine Hosp.,* 52 AD2d 450]) it *would* have the right to be indemnified by the negligent party, Dr. Roffman. In such case, subdivision (b) of section 15-108 of the General Obligations Law would have

no application since the hospital's claim would not be based on contribution. If on the other hand the plaintiff's injuries were caused, *in part,* by misfeasance of the hospital personnel acting independently of orders from Dr. Roffman (and assuming that Dr. Roffman was not found to be the actual or apparent agent of the hospital), the third-party claim would be one for contribution and would be barred by subdivision (b) of section 15-108. If by special verdict the jury were to find that the *sole* negligence was that of hospital personnel acting independently of any orders from Dr. Roffman, the court would be required to enter judgment against the hospital alone in which case the third-party action would fail because Dr. Roffman would not be liable *at all.* We, therefore, suggest to the trial court that if the case is tried by a jury, it resort to the use of CPLR 4111 (subd [b]) and submit the individualized issues as detailed here (in addition to other issues that may arise in the course of trial) for a special verdict. Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.