■ Douglas M. Spector, Respondent, v K-Mart Corporation, Defendant and Third-Party Plaintiff-Respondent. SmithKline Beckman Corporation, Third-Party Defendant-Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered March 16, 1983 in Albany County, which denied third-party defendant's motion to dismiss the complaint and the third-party complaint. Plaintiff allegedly sustained ill effects from the use of selacryn, a prescription drug manufactured by SmithKline Beckman Corporation, and colchicine, both of which medications he purchased from K-Mart Corporation between July 2 and November 19, 1979. On January 26, 1982, plaintiff executed a general release to SmithKline in which he settled all of his claims for damages for personal injuries arising out of the ingestion of selacryn "including, but not limited to, all liability for contribution and/or indemnity". He was paid $40,000 as consideration by SmithKline. By service of a complaint dated October 18, 1982, plaintiff commenced the underlying action against K-Mart, stating causes of action in negligence, strict products liability and breach of warranty. Following joinder of issue, K-Mart served a third-party summons and complaint upon SmithKline seeking contribution or indemnification. Special Term denied SmithKline's CPLR 3211 (subd [a], par 5) motion to dismiss both the complaint and third-party complaint. For the reasons which follow, we affirm. Essentially, SmithKline reasons that since the subject release, by its terms, also released K-Mart, both the principal action and third-party action must fall pursuant to the mandate of subdivision (a) of section 15-108 of the General Obligations Law. We disagree. That section provides that a release given to one of two or more tort-feasors does not extend to the remaining tort-feasors "unless its terms expressly so provide". The statute was designed to eliminate the inequities existent under the common-law rule where a general release given to one wrongdoer discharged all others (see *Williams v Pitts,* 40 AD2d 1057, 1058). Consistent with this purpose, section 15-108 has been construed to require an express designation by name or other specific identification of which parties are intended to be released (see *Sage v Hale,* 75 Misc 2d 256, 257-258). Here, the release stated that SmithKline and "all other persons, firms, or corporations" were released from liability for plaintiff's ingestion of selacryn. In our view, this broad language fails to satisfy the statutory requirement. When read in context, the quoted language constitutes more of an attempt to insulate the entire corporate structure of SmithKline than to release some outside entity such as K-Mart. It follows that SmithKline may not rely on a purported unspecified release of K-Mart in seeking dismissal of the third-party complaint. Nor would dismissal be appropriate pursuant to subdivision (b) of section 15-108 of the General Obligations Law, which provides, in pertinent part, that a released tort-feasor is relieved "from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules". This provision applies only to claims for contribution under CPLR article 14 (see *McDermott v City of New York,* 50 NY2d 211, 219-220; *Riviello v Waldron,* 47 NY2d 297; *Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.,* 78 AD2d 176). Where, as here, a product claim against a retailer may give rise to an indemnity claim against the manufacturer (see *Guyot v Al Charyn, Inc.,* 69 AD2d 79; 2 Weinberger, New York Products Liability, § 24.03, p 3; Restatement, Torts 2d, § 886B), the third-party complaint should not be dismissed (see *Franzek v Calspan Corp.,* 78 AD2d 134, 141-142; *Felice v St. Agnes Hosp.,* 65 AD2d 388; *Heinsohn v Putnam Community Hosp.,* 65 AD2d 767). Order affirmed, with costs to plaintiff. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.