CRAIG L. SHUFELT et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION, Respondent, and BALCOR REALTY INVESTORS, LTD.-75, Defendant and Third-Party Plaintiff-Appellant. PEMBROOK ELECTRIC COMPANY, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant.

Third Department, June 20, 1985

## APPEARANCES OF COUNSEL

*Lyons & Duncan* (*Condon A. Lyons* of counsel), for defendant and third-party plaintiff-appellant.

*Pentak, Brown & Tobin* (*Robert A. Murphy, Jr.,* of counsel), for respondent.

*Donohue, Donohue & Sabo, P. C.* (*Fred J. Hutchinson* of counsel), for Pembrook Electric Company, Inc., third-party defendant-respondent.

*Francis E. Lehner* (*Michael M. Emminger* of counsel), for L. A. Swyer Company, Inc., third-party defendant-respondent.

## OPINION OF THE COURT

Casey, J.

Special Term granted motions by two of the third-party defendants[*] for summary judgment dismissing the third-party complaint for the failure of third-party plaintiff to present, in opposition to the motions, proof of any active negligence by those third-party defendants which could serve as the basis for third-party plaintiff's indemnification cause of action. We conclude that, in the circumstances of this case, third-party plaintiff was not required to come forward with such proof in opposition to third-party defendants' summary judgment motions. The order should be modified accordingly.

Plaintiff Craig L. Shufelt (hereinafter plaintiff), an electrician, was injured when a fire occurred in an electrical panel at a shopping mall while he was attempting to make certain repairs. Plaintiff and his wife commenced an action against the owner of the premises (hereinafter third-party plaintiff), the general contractor and electrical subcontractor involved in the original construction of the premises (hereinafter third-party defendants), and Niagara Mohawk Power Corporation. Third-party plaintiff asserted cross claims against third-party defendants and Niagara Mohawk, seeking contribution or indemnification. Third-party defendants and Niagara Mohawk settled with plaintiff and obtained releases. The main action against third-party defendants was discontinued, prompting third-party plaintiff to commence a third-party action against them. Various motions ensued, resulting in the order appealed from, which has the effect of precluding third-party plaintiff from pursuing

---

[*] The remaining third-party defendant, R. & R. Rosette Electric, Inc., is not involved in this appeal.

any third-party claims against third-party defendants and Niagara Mohawk.

Third-party plaintiff concedes that it has no claim for contribution against the parties who have settled with plaintiff (*see,* General Obligations Law § 15-108). Third-party plaintiff also concedes that it has no proof of any wrongdoing on the part of third-party defendants or Niagara Mohawk which caused or contributed to the happening of plaintiff's injuries. Rather, third-party plaintiff's argument on appeal is that until the theory of its liability to plaintiff can be determined, resolution of the third-party indemnification claims is premature. We agree.

Plaintiff's complaint asserts causes of action based upon allegations of negligence and violation of Labor Law §§ 240 and 241. The record contains no factual allegations which would reveal the nature of the acts or omissions upon which the negligence and Labor Law violation claims are based. Indeed, the affidavit from third-party plaintiff's expert concludes that the cause of the fire cannot be determined. Nevertheless, plaintiff's action against third-party plaintiff continues, giving rise to at least the potential for liability. Since the complaint contains unspecified allegations of Labor Law violations, third-party plaintiff contends that its liability might be vicarious, arising solely as a result of its status as owner of the premises and not from any actual negligent act or omission on its part. Where an owner's liability is so founded, it may shift the burden to the contractor or subcontractor actually responsible for the accident (*see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 301; *see also, Kemp v Lakelands Precast,* 55 NY2d 1032). This shifting of the entire liability of one who is held vicariously liable for the wrongdoing of another is accomplished pursuant to a right to indemnification implied in law to prevent an unjust enrichment or unfair result (*see, D'Ambrosio v City of New York,* 55 NY2d 454, 460-462; *McDermott v City of New York,* 50 NY2d 211, 216-217).

Third-party defendants' settlements with plaintiff did not affect third-party plaintiff's right to such indemnification in the event that its liability is only vicarious (*see, McDermott v City of New York, supra,* p 220; *Riviello v Waldron,* 47 NY2d 297, 306-307). While we find it highly unlikely that plaintiff could succeed in imposing vicarious liability under the Labor Law on third-party plaintiff as a result of any act or omission that was actually the responsibility of third-party defendants, we are reluctant to grant summary judgment to third-party defendants on that basis since plaintiff, who is not a party to their motions, would not be bound by such a ruling. Accordingly, there exists at

least the potential for liability being imposed upon third-party plaintiff under such circumstances in that recovery over could be had against one or both of third-party defendants (*see, Heinsohn v Putnam Community Hosp.,* 65 AD2d 767).

Third-party defendants maintain that, irrespective of any theoretical potential recovery over against them, they are entitled to summary judgment due to third-party plaintiff's failure to offer proof of any act or omission on their part which caused or contributed to the accident. "[O]ne opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form" (*Zuckerman v City of New York,* 49 NY2d 557, 562). In our view, third-party plaintiff has demonstrated an acceptable excuse. CPLR 3212 (f) recognizes that there may be circumstances where facts essential to justify opposition to a summary judgment motion may exist but cannot then be stated. Such circumstances arise where, as here, a third-party defendant's motion for summary judgment addressed to the third-party complaint seeking indemnification is made before the plaintiff in the main action has submitted any evidence in support of its indefinite claims against the third-party plaintiff (*Yager v Arlen Realty & Dev. Corp.,* 95 AD2d 853). Accordingly, third-party defendants' motions are premature and should be denied.

We reach a contrary result as to Niagara Mohawk. There is nothing in the record to suggest that Niagara Mohawk was ever a contractor or subcontractor in connection with the construction of the shopping mall, and we agree with Special Term that, since third-party plaintiff could not be vicariously liable to plaintiff for Niagara Mohawk's improper supply of electricity to the premises, there is no basis for an indemnification claim against Niagara Mohawk (*see, County of Westchester v Becket Assoc.,* 102 AD2d 34, 47-48).

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Order modified, on the law, by reversing so much thereof as granted the motions of third-party defendants Pembrook Electric Company, Inc. and L. A. Swyer Company, Inc., said motions denied, and, as so modified, affirmed, with one bill of costs to third-party plaintiff against the moving third-party defendants.