A general release of one joint tort-feasor gives rise to a parol evidence question in this personal injury action in the Harrison County Circuit Court. Mary Smith, plaintiff, charged Daniel J. Falke and Guy Gunter, minor drivers of the two vehicles following her car, with negligent driving. Mary Smith executed a release to Guy Gunter and his parents which contained language releasing "all others whatsoever" from liability in the accident. The trial court sustained the defendant Falke's motion to dismiss and overruled the plaintiff's motion for voluntary non-suit after taking the dismissal motion under advisement. From this adverse ruling, Smith appeals.
The appellant Smith assigns as error the trial court's ruling:
(1) In sustaining the motion to dismiss: *Page 1045 
(a) In not permitting parol evidence to establish the intent of appellant in executing the release; and
(b) In holding the Gunter release also released Falke;
(c) In not holding the release was a mutual mistake from which the appellant is entitled to a reformation, or relief, as all parties considered it a covenant not to sue or a restricted release.
(2) In not granting the plaintiff a voluntary non-suit.
 I.
On December 7, 1978 while appellant Mary Smith's vehicle was stopped in traffic, it was struck from behind. Immediately following her vehicle was a car driven by appellee Daniel J. Falke and following the Falke vehicle was a third car driven by Guy Gunter.
Smith filed suit on April 22, 1980 against both drivers, Gunter and Falke, and their parents, but agreed to release Guy Gunter and parents upon payment of their maximum liability insurance coverage of $10,000. A check in the amount of $10,000 from Gunter was received by Smith's attorney and negotiated on about March 16, 1982.
Although the record reflects that all parties thought that a release was executed by Smith at the time the check was negotiated, the original release was not found. The insurance company sent a new release to Smith's attorney's office for execution. On September 21, 1982, an associate attorney, employed in Smith's attorney's office witnessed Mrs. Mary Smith's signature, assuming that the release was a duplicate releasing only Guy R. Gunter.
Using the September 21, 1982 release as a bar to recovery against them, the defendant Daniel Falke and his parents filed a motion to dismiss in the present lawsuit. The undisputed proof was that Smith and the insurance company only intended release of Guy Gunter and his parents. However, the trial court's order recited that it found the release of September 21, 1985 to be clear and unambiguous, not subject to parol evidence and would not consider evidence other than the release itself.
After hearing argument on the above motion to dismiss, and taking the matter under advisement overnight, the plaintiff Smith moved for a voluntary non-suit before the court announced its decision. However, the trial court denied the motion for non-suit as being untimely made.
 II. A.
The principle question assigned here is whether the trial court erred in dismissing the appellant's suit against one tort-feasor upon the general release of a joint tort-feasor "and all other persons." The controlling statute on this question is Miss. Code Ann. § 85-5-1, which in pertinent part states:
 In all cases of joint or joint and several indebtedness, the creditor may settle or compromise with and release any one or more of such debtors; and the settlement or release shall not affect the right or remedy of the creditor against the other debtors for the amount remaining due and unpaid, and shall not operate to release any of the others of the said debtors;
The majority of jurisdictions permit the release of one tort-feasor without the release of others when that is the intention of the parties. Mississippi jurisprudence follows the majority rule that for a release of one joint tort-feasor to release other joint tort-feasors, the satisfaction received by injured party must be intended to be and must be accepted as full and total compensation for damages sustained. Medley v. Webb,288 So.2d 846 (Miss. 1974); Employers Mutual Casualty Co. v.Meggs, 229 So.2d 823 (Miss. 1969); Burt v. Duckworth,206 So.2d 850 (Miss. 1968); Lee v. Wiley Buntin Adjuster, Inc.,204 So.2d 479 (Miss. 1967); Weldon v. Lehmann, 224 Miss. 600,84 So.2d 796 (1956); See 66 Am.Jur.2d Release, § 37. A recognized treatise *Page 1046 
of Professor William L. Prosser, sets forth the rationale of both rules above in stating:
 The only desirable rule would seem to be that a plaintiff should never be compelled to surrender his cause of action against any wrongdoer unless he has intentionally done so, or unless he has received such full compensation that he is no longer entitled to maintain it. . . . The requirement that an express reservation of rights against other tortfeasors be asserted in the release itself seems unfortunate, when releases frequently are signed by plaintiffs ignorant of the law and without legal advice. If it is clear that the satisfaction received was understood to be only partial, it should not discharge the claim against the second tortfeasor. . . .
Prosser, Law of Torts, § 301 (4th.Ed. 1971). (Emphasis added).
In the instant case presumably two releases were executed. The first release, if executed when the check was negotiated, was lost. Upon request of the insurance company, a second release was executed some six months later. It was presumed to be identical to the first. However, the second release discharged Guy R. Gunter "and all others whatsoever" from liability of the accident of December 7, 1978. Mrs. Smith denied that she intended to release Falke or that she had full satisfaction of her damage.
 B.
To show her intent and partial satisfaction, Mrs. Smith offered parol evidence. However, the court did not consider it.
The Mississippi parol evidence rule provides that when the language of a contract is clear and unambiguous, parol testimony is inadmissible to contradict the written language. See, ValleyMills Division of Merchants Co. v. Southeastern Hatcheries ofMississippi, Inc., 245 Miss. 71, 145 So.2d 698 (1962).
In Byrd v. Rees, 251 Miss. 876, 171 So.2d 864 (1965), this Court set forth the same rule above but allowed extrinsic evidence to clear up an ambiguity and explain the language: "the plan of the operation heretofore in effect." There the Court stated:
 The parol evidence rule does not preclude the reception of parol evidence with reference to a matter evidenced by the writing, where such evidence relates to a matter in pais, or is of such a character that it does not tend to vary or contradict the written instrument.
Id. 171 So.2d at 867.
In the case sub judice, appellant argues that Daniel J. Falke, a stranger to the release contract between Gunter and Smith, should not benefit from its terms. Thus the issue before this Court is whether the Court should compel a construction of the settlement instrument that was not intended by any of the parties to the instrument to benefit a wrongdoer who was a stranger to the instrument and paid no consideration for it.
This Court has adopted the general rule that the parol evidence rule applies only to controversies between parties to the agreement. National Cash Register Co. v. Webb, 194 Miss. 626,11 So.2d 205 (1942). And while National Cash Register dealt with a contract in general and not a release instrument, the effect would be the same, and Mississippi would appear to have adopted the majority rule stated by A.L.R. Annot., 13 A.L.R. 3rd 313 (1967) at § 2(b), which states:
 The rule that the parol evidence rule does not apply to a stranger to a contract and that parol evidence is admissible in favor of or against a stranger to a contract has been applied in numerous cases to a stranger to a release. The principle commonly relied on in holding extrinsic evidence admissible has been that the parol evidence rule applies only to parties to the instrument or their privies. Following this principle, the courts have admitted parol evidence to show the intent of the parties as to various matters, such as persons covered or bound by the release, the subject matter of the release, the extent of the loss or injury, *Page 1047 
and whether the instrument was intended to be a release or a covenant not to sue.
Id. at § 2(b). (Emphasis added).
Among the jurisdictions that have also followed this rationale is the United States Supreme Court in applying the federal common law. Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971), reh. denied 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552. In Zenith, the Court held: ". . . The straight-forward rule is that a party releases only those parties whom he intends to release. . . ." Id. 401 U.S. at 347, 91 S.Ct. at 810, 28 L.Ed.2d at 97. Further, in a footnote, the Supreme Court acknowledged and adopted the rule that the parol evidence rule is only operative as to parties to the document and not to a stranger to the release. Id. 401 U.S. at 347, 91 S.Ct. at 810, 28 L.Ed.2d at 97 n. 12.
This Court in analyzing the National Cash Register Co. case, noted that the third party seeking to invoke the benefit was not in privity to the contract and reasoned:
 The rule excluding parol evidence to vary or contradict a written instrument applies only in controversies between the parties to the instrument and those claiming under them.
Id. at 205.
It is upon this latter phrase "and those claiming under them" that appellee claims standing.
The appellee Falke here contends that he is a third party beneficiary of the release between Smith and Gunter and since the release did not reserve the right to proceed against other tort-feasors, Falke is a member of a specified class discharged under the general release of "all others whatsoever." Falke relies on Burns v. Washington, 251 Miss. 789, 171 So.2d 322
(1965) wherein this Court stated:
 [A] third party may in his own right and name, enforce a promise made for his benefit even though he is a stranger both to the contract and to the consideration. (Emphasis added) Burns, supra, at 324; 17 Am.Jur.2d, Contracts, section 302, p. 722 (1964); 17A C.J.S., Contracts, section 519(3) (1963).
The distinction between the Burns case and the case sub judice is in the analysis of the facts. The Burns Court found, under the terms of the contract, the parties intended to include the third party as a beneficiary, and this accordingly, afforded a third party beneficiary rights to enforce a claim under the contract. Here the undisputed testimony of the attorney, Mrs. Smith, and the insurance adjuster indicates an intent to release Gunter only. And it was this undisputed parol testimony that the trial court did not consider in arriving at his decision to dismiss.
This Court holds that as a matter of law that error was committed by the trial judge in this conclusion. This Court holds that the rule excluding parol evidence to vary or contradict a written instrument applies only to controversies between the parties to the instrument and those claiming under them.National Cash Register Co. v. Webb, supra.
Further, this Court holds that in a release contract a party releases only those parties whom he intends to release. Zenith,
supra. In the case sub judice, the undisputed parol facts entitled to be considered by the Court are that Falke was not intended by the parties to be a third party beneficiary. That intent is further evidenced by the existing lawsuit against the Falkes. Therefore, the granting of a dismissal against Daniel J. Falke and his parents was error, which ruling this Court reverses and renders. The other assignment of error does not need to be addressed.
The case is remanded for jury trial on the merits.
REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur. *Page 1048