■ STATE OF NEW YORK FACILITIES DEVELOPMENT CORPORATION, Plaintiff, v KALLMAN & McKINNELL, RUSSO & SONDER, Defendant and Third-Party Plaintiff-Respondent. SIMPSON METAL INDUSTRIES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants.—Main, J. P.

As part of its construction of Woodhull Medical Center, formerly known as Greenpoint Medical Center, in Brooklyn, plaintiff's predecessor in interest, the Health and Mental Hygiene Facilities Improvement Corporation, entered into separate contracts with third-party defendant Simpson Metal Industries, Inc. (Simpson), and defendant. Pursuant to its contract, defendant was to, *inter alia,* develop architectural plans for and supervise construction of the hospital. In accordance with its contract, Simpson was to construct the roof and parking deck of the project.

The hospital project was completed in 1976. However, problems apparently developed with the roof and parking deck in 1980. Plaintiff and Simpson thereafter reached an agreement whereunder Simpson was to make certain repairs to the project in exchange for a rider to their contract, whereby plaintiff and Simpson waived any and all claims against each other. Subsequently, plaintiff commenced this action against defendant alleging that defendant had neglected to properly supervise the hospital's construction and that it had also

negligently designed and approved plans and specifications for the project. Defendant then commenced the instant third-party action against, among others, Simpson, asserting claims for both indemnification and contribution.

Simpson moved to dismiss the third-party complaint against it, arguing that there was no basis for any indemnification claim and that the release issued by plaintiff precluded any contribution claim. Special Term denied Simpson's motion. Thereafter, Simpson served an amended answer to the third-party complaint. In such pleading, Simpson asserted a claim against plaintiff for indemnification in the event that Simpson was found liable to defendant and, in so doing, alleged that plaintiff had released it from any and all claims with respect to the hospital project. Plaintiff answered, denying Simpson's allegation regarding the release. Simpson then renewed its motion to dismiss defendant's contribution claim, but such motion was denied by Special Term. Simpson has appealed from both orders of Special Term denying its motions.

We first address whether Special Term properly denied Simpson's motion to dismiss defendant's indemnification claim against it. "Indemnity * * * involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another person who should more properly bear responsibility for that loss" *(County of Westchester v Becket Assoc.,* 102 AD2d 34, 46-47, *affd* 66 NY2d 642). Because there clearly was no contractual or quasi contractual relationship between defendant and Simpson, the theory of implied indemnity must be considered. An implied right to indemnification exists where one party who has committed no actual wrong is being held vicariously liable for the wrongdoing of another *(see, Shufelt v Niagara Mohawk Power Corp.,* 109 AD2d 66, 68; *Twitchell v Town of Pittsford,* 106 AD2d 903, 905; *County of Westchester v Becket Assoc., supra,* p 47). Here, plaintiff's claim against defendant is based upon defendant's own wrongdoing—its own negligence—and does not seek recovery from defendant because of Simpson's wrongdoing. Hence, because plaintiff's claim is that defendant itself was an actual wrongdoer, defendant cannot state a viable claim for indemnification against Simpson *(see, County of Westchester v Becket Assoc., supra,* pp 47-48), and Special Term erred in not dismissing such claim.

Turning next to defendant's contribution claim against Simpson, we note that Simpson clearly would have been entitled to dismissal of the contribution claim against it if there were no question that the purported release issued by

plaintiff was indeed a valid release from liability *(see,* General Obligations Law § 15-108; *Woolworth Co. v Southbridge Towers,* 101 AD2d 434, 438). Here, however, in its answer to the claim asserted by Simpson against it, plaintiff made a general denial of Simpson's allegation that plaintiff had released Simpson from any and all claims arising out of the hospital project. Such being the case, we perceive the presence of a factual issue which precludes the granting of Simpson's motion to dismiss defendant's contribution claim at this time.

Order entered February 19, 1985 modified, on the law, without costs, by reversing so much thereof as denied third-party defendant Simpson Metal Industries, Inc.'s motion to dismiss the indemnification claim against it; motion granted in such respect; and, as so modified, affirmed.

Order entered September 23, 1985 affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Casey, J., concurs in part and dissents in part in a memorandum. Casey, J. (concurring in part and dissenting in part). I would grant the motion to dismiss the third-party complaint in its entirety against Simpson. Plaintiff and Simpson entered into a written rider to their contract which provides that "both parties to the above Contract hereby waive any and all claims that they may have against the other". This clear and unequivocal language admits of no other reasonable construction than that plaintiff intended to release Simpson from claims arising out of the roof work at issue *(see, Oxford Commercial Corp. v Landau,* 12 NY2d 362), a conclusion buttressed by the absence of Simpson as a named defendant in plaintiff's action. This release also relieves Simpson from liability to defendant for contribution (General Obligations Law § 15-108 [b]; *County of Westchester v Becket Assoc.,* 102 AD2d 34, 45-49, *affd* 66 NY2d 642). Since defendant was not a party to the release, and since the release does not adversely affect defendant insofar as its liability to plaintiff is concerned *(see,* General Obligations Law § 15-108 [a]), defendant cannot contest the validity of the release. The order entered February 19, 1985 should be reversed and the motion to dismiss the third-party complaint against Simpson should be granted.