498 So.2d 337 (1986)
The COUNTRY CLUB OF JACKSON, MISSISSIPPI, INC.
v.
Mary Louise SAUCIER.
No. 56839.
Supreme Court of Mississippi.
November 12, 1986.
Heber A. Ladner, Jr., Stephen P. Kruger, Douglas E. Barfield, Upshaw & Ladner, Jackson, for appellant.
Paul Snow, David Slaughter, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
The question addressed in this appeal is whether a release may be modified or rescinded to exclude a non-participating and non-contributing third party who alleges beneficiary status, without consent of such party.
The Chancery Court of Hinds County held that the Country Club of Jackson, Mississippi, Inc. was not a third party beneficiary and had no standing to object to a modification of a release executed between the guest passenger in an automobile and the driver of said vehicle. The guest passenger, Mary Louise Saucier, and the estate of the deceased driver, George T. Stevens, and his insurer, negotiated a settlement and release among themselves. A year later the chancery court permitted Saucier and Stevens to modify the release excluding beneficiary status to the Country Club and denying the Country Club of Jackson, Mississippi, Inc. (hereinafter Country Club) status to object. From that *338 adverse ruling the Country Club appeals asserting (1) its status as a third party beneficiary and (2) the necessity of its consent to modify a release extinguishing its rights and allegedly executed for its benefit. This Court affirms the decision of the Hinds County Chancery Court.

I.
On July 15, 1983, Mary Saucier was riding as a passenger in an automobile driven by Gregory T. Stevens. The automobile left the Jackson Country Club and shortly thereafter was involved in a one vehicle accident killing Gregory Stevens. Saucier sustained extensive disabling injuries and medical expenses. Saucier made a claim against the estate of Gregory T. Stevens and his insurer, United Services Automobile Insurance Company (USAA), for damages incurred in the accident. By way of settlement and release, dated March 14, 1984, USAA paid $30,000 to Mary Saucier.
On February 15, 1985, appellee, Saucier filed suit in the Circuit Court of Hinds County, Mississippi against the Country Club of Jackson alleging that appellant, The County Club, furnished alcohol to Gregory Stevens, while he was visibly intoxicated which impaired his ability to drive and resulted in the injuries to Saucier. As an affirmative defense, the Country Club alleged that the release dated March 14, 1984 released all persons (including itself) who might be liable as a result of the accident.
Thereafter, on April 2, 1985, Saucier filed a bill of complaint for rescission of contract or modification and other relief in the Chancery Court of the First Judicial District of Hinds County, Mississippi. The complaint noted:
(1) That The Country Club of Jackson was not a party to the release, nor had The County Club paid any consideration for the release, and
(2) That Saucier's medical bills for exceeded the $30,000 obtained from USAA.
On April 8, 1985, appellant filed a motion to intervene in the bill for rescission stating:
The Country Club of Jackson, Mississippi, Inc., claims an interest relating to this transaction and is so situated that the disposition of the action may come (sic) as a practical matter, impair or impede its ability to protect that interest. Therefore, it is entitled to intervene as a party Defendant herein.
The Country Club of Jackson was allowed to intervene pursuant to Rule 24, M.R.C.P. and was aligned as a party Defendant and authorized to file an answer to the Bill of Complaint for Rescission.
On September 13, 1985, Carolyn Stevens, administratrix of the estate of Gregory T. Stevens and its insurer, entered into a stipulation with the appellee to retroactively modify the release to release only the estate and its insurer.
The chancellor ruled that appellant had no standing to object to the stipulation entered into between the parties specifically named in the release and granted the release prayed for by Mary Saucier.
The Country Club now appeals.

II.

Was the Country Club entitled to third party beneficiary status?
The appellant Country Club contends that it is a third party beneficiary of the release between the guest passenger and the driver's estate and is a member of a specified class discharged under the general release language: "All other persons, firms, organizations, or corporations ..."
Recently in Smith v. Falke, 474 So.2d 1044 (Miss. 1985) this Court considered a release executed between a plaintiff and one codefendant. This Court there held that the language of the release discharging a codefendant and "all others whatsoever" could not be construed to release another codefendant absent a manifest intent to do so.
*339 Noted in that opinion was Miss. Code Ann. § 85-5-1 (1972), which states as follows:
In all cases of joint or joint and several indebtedness, the creditor may settle or compromise with and release any one or more of such debtors; and the settlement or release shall not effect the right or remedy of the creditor against the other debtors for the amount remaining due and unpaid, and shall not operate to release any of the others of the said debtors;
Smith v. Falke further stated that "[w]hen the language of a contract is clear and unambiguous, parole testimony is inadmissible to contradict the written language." Id. at 1046. However, where parole evidence is offered to clear up an ambiguity or explain terms of a writing, such evidence is admissible. The courts have admitted parol evidence to show the intent of the parties as to various matters, such as persons covered or bound by the release, etc. A.L.R. Annot., 13 A.L.R.3rd 313 (1967).
Appellee Saucier also cites cases from other jurisdictions to support its contention that only parties specifically named in the release are absolved of liability. In Spector v. K-Mart Corp., 99 A.D.2d 605, 471 N.Y.S.2d 711 (App.Div. 1984), K-Mart claimed to have been included within the purview of "all other persons, firms or corporations" named in a release given by Spector to Smith Kline Corp. The New York Supreme Court there found the language was more of an attempt to insulate the entire corporate structure of Smith Kline than to release some outside entity such as K-Mart. In Aymond v. State Department of Highways, 333 So.2d 380 (La. App. 1976) the Louisiana State Highway Department was not a named party to a release signed between a plaintiff and an insurance company for settlement of a claim. The Louisiana Court held that the Highway Department was not within the meaning of the release's phrase: "all other persons, firms and corporations who might be liable". In Young v. State, 455 P.2d 889 (Alaska, 1969) the Alaska Supreme Court held that tortfeasors are not released unless specifically named in a release. In Alsup v. Firestone Tire & Rubber Co., 101 Ill.2d 196, 77 Ill.Dec. 738, 461 N.E.2d 361 (1984) the Illinois Court held that tortfeasors must be specifically named or otherwise identified in order to be discharged by a release; and tortfeasors will not be discharged unless they have been named or specifically designated. Finally, in Duncan v. Cessna Aircraft Co., 665 S.W.2d 414 (Tex. 1984) the Texas Supreme Court held that a specific identification for the release of a tortfeasor is met when the reference in the release is so particular that "a stranger can readily identify the released party"; and a tortfeasor can claim the protection of a release only if the release refers to him by name or with such descriptive particularity that his identity or his connection with the tortious event is not in doubt.
Appellant, like the codefendant, in Falke relies on Burns v. Washington, 251 Miss. 789, 171 So.2d 322 (1965), wherein this Court stated:
[A] third party may in his own right and name, enforce a promise made for his benefit even though he is a stranger both to the contract and to the consideration.
But in the case sub judice, like Falke, the facts are distinguished from Burns. In Burns, the Court found that the parties clearly intended to include the third party as a beneficiary. In this case the Court in a finding of fact determined that the parties did not intend that The Country Club benefit from the release. It is also clear that appellant was a stranger to the release contract and paid no consideration for it, nor was consideration paid for its benefit. Findings of fact made by a chancellor may not be set aside or disturbed on appeal unless manifestly wrong. Spain v. Holland, 483 So.2d 318 (Miss. 1986); Carr v. Carr, 480 So.2d 1120 (Miss. 1985).
[A]n injured party executing a release incident to a settlement with one tortfeasor releases others by whom or on whose behalf no considerations have *340 been given only where the intent to release the others is manifest. Smith v. Falke, 474 So.2d 1044, 1046 (Miss. 1985); Restatement (2d) of Torts, § 885(1) (1979). No such intent appears here. Miss. Farm Bureau Mutual Ins. Co. v. Garrett, 487 So.2d 1320 (Miss. 1986).

III.
Appellant contends that, as a third party beneficiary of the release, no stipulation to modify or rescind the release may be enacted without notice and consent of appellant and that without his consent the stipulation is void.
This assignment of error presupposes that appellant qualifies as a third party beneficiary of the release. Notwithstanding that qualification, appellant cites the following to support his contention that he is entitled to notice and consent before the stipulation may be enforced. Cases cited are: K.E. Roberts v. James Manufacturing Co., 197 So.2d 808 (Miss. 1967) (parties cannot by stipulation effect any rights but their own and persons not parties to the stipulation are not bound by it); Alsdorf v. Broward County, 373 So.2d 695 (Fla.App. 1979) (language of stipulation that it would apply to all residents of county regardless of location of their residence did not foreclose additional parties, who intervened following remand from Supreme Court and were residents of the county, from attacking the stipulation); Kneeland v. Luce, 141 U.S. 437, 12 S.Ct. 39, 35 L.Ed. 808 (1891) (evidentiary stipulation not binding on one not party to stipulation, or on one not party to the litigation wherein stipulation was made). Although each of these cases deal with stipulations, none of them factually parallel the case at hand or present any challenge to the validity of the stipulation. These cases support the trial court's holding that The Country Club, neither party to the stipulation nor the release which the stipulation stands to modify, lacks standing to contest the stipulation.

IV.
In its final issue on appeal, appellant contends that a dismissal by the court was improvidently granted inasmuch as the relief prayed for by the appellee was granted by the court without a proper hearing.
Here appellant argues that in ruling that appellant had no standing to object to the stipulation, the chancellor effectively dismissed the action. Appellant then asserts that any dismissal must comply with Rule 41(a) M.R.C.P. which requires that if an action is dismissed by stipulation, it must be signed by all parties who appeared in the action. Appellant charges that it gave no consent.
Appellant's reliance on MRCP 41 relating to dismissal of actions is misplaced. The trial court's dismissal of appellant as a party defendant to this suit does not constitute a dismissal of the action. Hence, the argument that MRCP 41 required its consent before dismissal of the appellant as a party is not applicable.
Since the Country Club was not a party to the release, the chancellor attributed no status to the appellant to warrant a consent requirement. This finding appears to be dispositive of the final issue on appeal.
The release agreement was properly interpreted by the trial court. The order entered by the trial court is affirmed.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.