519 So.2d 883 (1988)
John T. ANGLE
v.
ESTATE OF Ina M. ANGLE, Dec'd, Cloycie A. Drane, Admr'x, Cloycie A. Drane, Individually, and Barbara Jean (Varner) Roberson.
No. 57441.
Supreme Court of Mississippi.
February 3, 1988.
John S. Knowles, III, Jackson, for appellant.
Mark Herbert, William J. Little, Jr., Green, Cheney & Hughes, Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and ANDERSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
This case is on appeal from the Chancery Court of the First Judicial District of Hinds County, Mississippi, where on April 14, 1986, a judgment was entered directing John T. Angle to pay to the estate of Ina M. Angle, the amount of $34,536.56. From this adverse judgment, Angle appeals, making one (1) assignment of error. Finding no error, we affirm.

FACTS
The present case originated as a complaint filed by appellees, which asserted that John T. Angle had obtained interest in certain real estate belonging to his and the complainant's mother, Mrs. Ina M. Angle through the use of undue influence. Further, the complaint asserted that during this time, Angle undertook a course of conduct calculated to appropriate for his own use and benefit, real property, personal property and funds belonging to Mrs. Angle. The factual basis for these assertions was that Mrs. Angle was in her late eighties, totally blind, and suffering from severe *884 organic brain syndrome at the time of the transactions.
On September 17, 1985 the cause came on for trial before Chancellor James Arden Barnett. The lower court found that a confidential relationship existed between the appellant and his mother and that she was totally dependent on him. Further, the court found that John T. Angle had control of all of Ina M. Angle's business affairs, did her banking for her, cared for her properties and cared for her personal needs night and day. The evidence was clear and convincing that for years prior to her death, Mrs. Angle had been suffering from progressive stages of organic brain syndrome, had been losing her capacities, was blind, lacked control, and that she was passed the point at which she could make any independent judgments. The lower court therefore set aside the conveyances by Mrs. Angle to the appellant of real property located at 1143 Arbor Vista Boulevard and 2230 Belvedere Drive in Jackson. Additionally, and most important to this appeal, the trial court ordered the appellant to file with the court a sworn itemized accounting for all rents, profits and expenses with regard to the properties, to account for his reasonable out-of-pocket expenses incurred in maintaining the properties, and to account for all other cash funds and personal property of Mrs. Angle which were held and managed by him from July 1, 1980 to the present. It must be noted at this juncture, that the above order has not been appealed by Angle, and is not subject to this Court's review.
An order was entered October 9, 1985 directing Angle to file his accounting within fifteen (15) days of its date, but by December 18, 1985 no accounting had been filed. Appellees filed a motion for contempt. The motion was set for hearing on January 16, 1986.
On January 13, 1986, three (3) days prior to the scheduled hearing date and over two and one-half months after the accounting was due, appellant filed with the court his accounting pursuant to the lower court's order of October 9, 1985. On January 16, 1986, the day initially set for the contempt hearing, appellees filed their objections and exceptions to the accounting, asserting that such was untimely, insufficient, and submitted by Angle in bad faith and with complete disregard and contempt for the court's order of October 9, 1985. Due to the granting of a continuance, appellees' motion for contempt and objections and exceptions to the accounting was not heard until March 13, 1986. At the hearing, both sides presented evidence which would tend to either prove or disprove the figures provided by Angle in his accounting.
At the conclusion of the hearing, the chancellor entered his opinion and final judgment, finding that Angle's accounting was not filed timely and was substantially incomplete. Particularly, the lower court specified, through forty-five (45) findings of fact, the areas in which the accounting was deficient, and detailed the instances where Angle used funds and personal properties belonging to his mother for his own personal use and benefit. Consequently, Angle was ordered to pay $34,536.56 to the estate of Ina M. Angle. It is this judgment that appellant feels aggrieved by, pointing to errors in twenty-three (23) of the lower court's fact-findings.

WAS THE CHANCELLOR'S FINDINGS OF FACT CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE AND MANIFESTLY WRONG?
As previously stated, in the September, 1985, hearing on the present matter, the lower court determined that a confidential relationship existed between appellant and his deceased mother, and as such ordered Angle to account to the court for all funds or personal property that he held that belonged to his mother. This determination of the existence of a confidential relationship has not been appealed and as such is final. In Murray v. Laird, 446 So.2d 575 (Miss. 1984) this Court stated that the existence of a confidential relationship gives rise to a presumption of undue influence. As such, under Murray, supra, the burden of going forward with the proof shifts to the grantee/beneficiary to prove by clear and convincing evidence: (1) good faith on the part of the grantee/beneficiary; *885 (2) grantor's full knowledge and deliberation of his actions and their consequences; and, (3) advice of (a) a competent person, (b) disconnected from the grantee and (c) devoted wholly to the grantor/testator's interest. Murray at 578. Very recently, in Mullins v. Ratcliff, 515 So.2d 1183 (Miss. 1987) this Court declared in modifying Murray, that the appropriate third prong of the above test is now a requirement that the grantee/beneficiary prove by clear and convincing evidence that the grantor/testator exhibited "independent consent and action." Mullins, at 1193. But this is not to say that independent advice is now to be disregarded. To the contrary, great weight is to be afforded to a showing of meaningful independent advice based upon all pertinent facts in that this will still act as one way to prove the "independent consent and action" required under our decision in the Mullins case. See Estate of McRae v. Watkins, 522 So.2d 731 (Miss. 1988).
Appellees filed their objections and exceptions to Angle's accounting. In the subsequent hearing, the lower court found the accounting to be deficient in forty-five (45) findings of fact. Appellant now challenges twenty-three (23) of the chancellor's fact findings as being manifestly wrong. We must state in this regard that the record, as a matter of fact, is vague, contradictory, and absent at some points of any evidence that would substantiate the figures in appellant's accounting. The record further shows that appellant totally failed, by clear and convincing evidence, to properly account for monies he spent belonging to his mother, and, therefore, Chancellor Barnett was correct in finding the twenty-three (23) separate deficiencies in Angle's accounting now challenged. In this regard, Angle failed to meet the burden of proof cast on him by Mullins, supra. It must again be stated that this Court will not on appeal set aside a chancellor's findings of fact unless such is manifestly wrong. Dillon v. Dillon, 498 So.2d 328 (Miss. 1986); Country Club of Jackson v. Saucier, 498 So.2d 337 (Miss. 1986).
We must further note that appellant, in his brief, attempts to substantiate many of the deficient figures placed in his accounting by making arguments and explanations not presented to the lower court. This he cannot do. This Court will not look to briefs to supply that which is not of record on appeal, and will not act upon assertions of fact made only in briefs. Alexander v. Hancock, 174 Miss. 482, 164 So. 772 (1936); Commercial Credit Co. v. Kilgore, 221 So.2d 363 (Miss. 1969). As Angle fails to show on appeal by credible argument the manner in which the lower court was manifestly wrong, the assignment of error is without merit.

CONCLUSION
It is obvious from the proof offered at trial that appellant used the funds and resources belonging to his mother as if they were his own and failed to legally account for said expenditures. We can certainly envision a situation where a person, in an attempt to care for a family member or friend suffering under some infirmity or disability, could use the stricken person's funds to provide for care or other necessities of that person without such amounting to "undue influence." Unfortunately, the case sub judice does not present such a situation. As pertinent examples of the improper manner in which Angle used his mother's funds, we find noteworthy several transactions. On various occasions Angle purchased elaborate photography and video-recording equipment with the monies of Ina Angle, even though she was almost totally blind at the time of purchase. Further, Ina Angle's checking account was used by her son to pay for plumbing repairs to his home, garage bills for his automobile, his personal dental work, etc. Worst of all, there are many instances where John Angle paid cash directly to either himself or his wife from his mother's checking account. This type of conduct we cannot and will not condone.
As there was no manifest error in the fact-findings of the chancellor, the decision of the lower court is affirmed.
AFFIRMED.
*886 ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, P.J., not participating.