■ SSDW COMPANY, Plaintiff, v FELDMAN-MISTHOPOULOS ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent. EAST 87TH STREET CONTRACTING COMPANY et al., Third-Party Defendants-Appellants; LOXCREEN COMPANY, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants.—Order

of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on March 10, 1988, which denied summary judgment to third-party defendants East 87th Street Contracting Company and Cauldwell-Wingate Company (hereinafter referred to collectively as the joint venture) dismissing the third-party complaint by Feldman-Misthopoulos Associates (hereinafter referred to as the architect) and dismissing the cross claims of the third-party codefendant Loxcreen Company and which denied defendant Loxcreen's cross motion for summary judgment dismissing the architect's third-party complaint against it, unanimously reversed, on the law, without costs, and the motion and cross motion granted.

This action arises out of the construction of a mixed-use building known as Carnegie Towers, which is comprised of a public school and a 33-story residential tower. SSDW Company, plaintiff herein, was the lessee of the air rights above the premises where the project was built. SSDW entered into an agreement with the architect for design work, and the architect entered into an agreement with the firm of Scherr, Kopelman Associates to provide services as a consulting engineer.

A dispute arose over the design and construction of the windows installed in the building which were required to be replaced. According to the joint venture, which acted as the general contractor under contract with SSDW Company, the cost of replacement was $300,000. SSDW Company sued the architect for breach of contract which, in ·turn, sued its mechanical engineering consultant both for breach of contract and for indemnification for any judgment which SSDW Company might obtain against it. The latter cause of action was dismissed by an order dated June 5, 1985 (Myers, J.), granting third-party defendant Scherr, Kopelman Associates partial summary judgment.

The architect then commenced a second third-party action against the joint venture, as general contractor, and also against Loxcreen Company, which furnished the windows, and against Glass Guard Industries, Inc., which supplied the glass used by Loxcreen in fabrication of the window units. The theory of this complaint is that the third-party defendants are required to indemnify the architect or, alternatively, to contribute to payment of the judgment pursuant to CPLR article 14. Third-party defendant Loxcreen then commenced its own action for indemnification and contribution in the form of a cross claim against the joint venture. In the interim, SSDW Company executed a general release in favor of the joint

venture for any and all claims arising out of its work as general contractor on the project.

It is immediately apparent from reading CPLR 1401, that a claim for contribution is limited to actions for "personal injury, injury to property or wrongful death," viz., actions sounding in tort, even where the basis for contribution is the contractual relationship among the parties *(County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, *affd* 66 NY2d 642). It is overwhelmingly clear that the basis of the lawsuit brought by SSDW Company is breach of contract, for which contribution is unavailable *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21). Moreover, the architect, merely by invoking the language of tort in its third-party complaint and stating that liability arises from "culpable conduct, want of care and breach of contract", cannot transform SSDW Company's action into one which sounds in tort *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 390). While no copy of the contract between the architect and SSDW Company is included in the record, all of the architect's assorted errors and omissions enumerated in the complaint sound in contract, and no attendant tort claim is asserted alleging the breach of a duty independent of the contract *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 389).

As the IAS court correctly noted, there is no basis for indemnification of the third-party defendants by the joint venture. In order to recover upon a theory of indemnity, a party must have a contractual relationship with the entity from which indemnification is sought *(McDermott v City of New York,* 50 NY2d 211). In the absence of a contractual relationship (either express or implied) with any of the third-party defendants, the architect's claims for indemnification cannot be sustained.

Finally, the architect may not rely on the theory of implied indemnification. The third-party complaint may not be construed to predicate the architect's liability on the basis of the negligence of the third-party defendants or on the basis of vicarious or imputed liability *(Garrett v Holiday Inns,* 58 NY2d 253, 263; *Mauro v McCrindle,* 70 AD2d 77, *affd* 52 NY2d 719). Nothing in the pleadings indicates that any duty (outside the obligation to perform pursuant to the contract) was owed by the third-party defendants to SSDW Company which would support any claim by SSDW sounding in tort. As one court stated it, "indemnity arises because of an independent duty between tort-feasors based upon contract" *(Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199, 201, *lv dismissed*

56 NY2d 645). There is no injury to persons or property alleged to have been sustained nor a breach of any legal duty owed to SSDW Company, independent of the contract, which would serve as the basis of a duty owed to third persons *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 389). Nor is the architect sought to be held vicariously responsible for defects in materials supplied by the third-party defendants, but is directly charged with causing those defects by breaching its contract to design windows for the structure *(State of New York Facilities Dev. Corp. v Kallman & McKinnell, Russo & Sonder,* 121 AD2d 805). As this court has stated, "[s]ince the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" *(Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449, 453).

The cross claim of third-party defendant Loxcreen against third-party defendant joint venture is subject to dismissal on similar grounds. Loxcreen's use of the terminology of tort law does not transform the action by SSDW Company into a tort claim and, therefore, contribution is unavailable *(Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra).* While Loxcreen is in privity of contract with the joint venture, dismissal of the third-party action against Loxcreen eliminates its exposure to a judgment which would serve as the basis of a claim for indemnification *(see, McDermott v City of New York,* 50 NY2d 211, 217-218, *supra).*

The architect's contention that the release given by SSDW Company to the joint venture was not issued in good faith is merely conclusory and insufficient to oppose the respective motions for summary judgment on that ground *(McGahee v Kennedy,* 48 NY2d 832, 834; *Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 343). The mere fact that nominal consideration was paid for the release is insufficient to establish collusion since such documents normally recite a nominal sum *(Hill v St. Clare's Hosp.,* 67 NY2d 72, 85). The joint venture is not asserted by plaintiff to have had any responsibility for defects in the windows and, in any event, release of a potentially culpable party is not inconsistent with the concept of joint and several liability *(County of Westchester v Welton Becket Assocs., supra).* Therefore, the architect has not been prejudiced by the release granted to the joint venture. Concur —Sullivan, J. P., Asch, Milonas, Wallach and Rubin, JJ.