McCarthy v Kerrigan (2019 NY Slip Op 09346)





McCarthy v Kerrigan


2019 NY Slip Op 09346


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

528348

[*1]Jessica McCarthy, as Administrator of the Estate of Jay F. McCarthy, Plaintiff,
v
Brian R. Kerrigan, Defendant and Third-Party Plaintiff- Respondent, et al., Defendants; Nathan Wittkop, Third-Party Defendant- Appellant.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Marks, O'Neill, O'Brien, Doherty & Kelly, PC, Elmsford (James M. Skelly of counsel), for third-party defendant-appellant.
Phelan, Phelan & Danek, LLP, Albany (Timothy S. Brennan of counsel), for defendant and third-party plaintiff-respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Farley, J.), entered March 27, 2018 in St. Lawrence County, which, among other things, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.
In August 2015, Jay F. McCarthy commenced this action against, among others, defendant Brian R. Kerrigan and third-party defendant, Nathan Wittkop, alleging claims of medical and chiropractic malpractice. In 2016, McCarthy and Wittkop entered into an arbitration agreement wherein they agreed to resolve McCarthy's claims insofar as asserted against Wittkop via arbitration. McCarthy executed a stipulation of discontinuance in favor of Wittkop but the other defendants did not sign it. Wittkop thereafter moved for leave to discontinue the action insofar as asserted against him. In a July 2016 order, Supreme Court granted the motion and deleted Wittkop from the caption of the complaint.
McCarthy died in September 2016, and plaintiff was appointed as the administrator of his estate. Plaintiff, who was substituted for McCarthy, served a supplemental summons and amended complaint against defendants adding a wrongful death cause of action. Kerrigan then commenced a third-party action against Wittkop for contribution and common-law indemnification. After joining issue in the third-party action, Wittkop, relying on General Obligations Law § 15-108, moved for summary judgment dismissing the third-party complaint. Supreme Court, among other things, denied the motion. Wittkop appeals.
A party who is liable or is alleged to be liable in tort and who receives, in good faith, "a release or a covenant not to sue or not to enforce a judgment" is "relieve[d] . . . from liability to any other person for contribution" (General Obligations Law § 15-108 [a], [b]). Wittkop asserts that the stipulation of discontinuance and the arbitration agreement entered into between him and McCarthy constitute a release within the meaning of General Obligations Law § 15-108 and, therefore, Kerrigan cannot maintain a contribution claim. We disagree. Among the requirements for a release to fall within the ambit of General Obligations Law § 15-108 is that "the plaintiff . . . receive[], as part of the agreement, monetary consideration greater than [$1]" and "the release or covenant completely or substantially terminates the dispute between the plaintiff . . . and the person who was claimed to be liable" (General Obligations Law § 15-108 [d] [1], [2]). The record fails to disclose that McCarthy received monetary consideration greater than $1, let alone, any monetary consideration. Contrary to Wittkop's argument, the amount of costs and expenses expected to be saved by proceeding through arbitration per the arbitration agreement does not satisfy the monetary consideration requirement. Furthermore, the record establishes that, at most, McCarthy and Wittkop agreed to arbitration. Because the record does not indicate whether arbitration of the claims against Wittkop has been completed or even started, we cannot say that the dispute between plaintiff and Wittkop was "completely or substantially terminate[d]" (General Obligations Law § 15-108 [d] [2]). Accordingly, Supreme Court correctly denied that part of Wittkop's motion seeking dismissal of the contribution claim.
We agree, however, with Wittkop that Supreme Court erred by not dismissing the third-party complaint to the extent that Kerrigan alleged a claim for common-law indemnification. In the bill of particulars, plaintiff alleged various acts of malpractice by Kerrigan and further alleged that she was not seeking to hold him vicariously liable for the acts of any other party. Because the record reflects that plaintiff's theory against Kerrigan is premised upon acts of malpractice committed by him, as opposed to Kerrigan being held vicariously liable for Wittkop's actions, the common-law indemnification cause of action fails (cf. Grovenger v Laboratory Procedures , 132 AD2d 289, 291-292 [1987]).
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's motion for summary judgment seeking dismissal of the common-law indemnification cause of action in the third-party complaint; motion granted to said extent and said cause of action dismissed; and, as so modified, affirmed.